Pierre Cauhape, Appellant, *v.* Parke, Davis & Co., Respondents.

A judgment is not available as evidence, in a subsequent action for another cause between the same parties, to establish any fact not material to the adjudication actually made in the former action.

In an action to recover certain royalties upon a patent, agreed to be paid by a contract made in 1884, plaintiff, to prove the contract, introduced in evidence the record of a judgment in a former action between the same parties brought upon that contract and one made in 1881. The defendants in their answer in that action admitted the making of a contract in 1881, but denied its terms as alleged by the plaintiff; they denied the making of the alleged contract of 1884, and set up in respect to both contracts that by reason of the parties being non-residents and defendants a foreign corporation the court had no jurisdiction. (Code Civ. Pro. § 1780.) The first contract was entered into in this state and the second in Michigan. The referee who tried the former action found that the plaintiff was entitled to recover royalties under the first contract up to the date of the second; that the second contract was made substantially as alleged, but that the court had no jurisdiction to enforce it. Prior to the commencement of the second action, plaintiff became a resident of this state. *Held,* that the former judgment did not operate as an adjudication that there was a valid second contract and was no evidence thereof, it being wholly immaterial to the point upon which relief as to that contract was denied therein; and this, although the court made the second contract the basis for limiting plaintiff's recovery therein; that if plaintiff was denied any portion of the relief he was entitled to under the first contract, he should have applied for relief in the former action.

Reported below, 46 Hun, 306.

(Argued March 13, 1890; decided April 15, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 26, 1887, which affirmed a judgment in favor of defendants entered upon the report of a referee.

This action was brought to recover royalties on certain articles manufactured under a patent claimed to be due plaintiff under a contract dated March 22, 1884. The answer denied the making of the contract. The only evidence offered by plaintiff to prove it was the record of a judgment in a former action between the same parties brought by the

plaintiff here upon the contract in question, and also upon a prior one alleged to have been made November, 17, 1881.

The further material facts are stated in the opinion.

*Howard Y. Stillman* for appellant. The judgment-roll offered in evidence by the plaintiff was conclusive evidence that a contract was made on March 22, 1884, as set forth in the complaint. (*Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449, 452; *Jordan* v. *Van Epps*, 85 id. 427, 436; 94 id. 430; 98 id. 409; 102 id. 452; *Moore* v. *City of Albany*, 98 id. 396; *O'Rourke* v. *Hadcock*, 114 id. 541; *McMahon* v. *M. B. L. Ins. Co.*, 8 Abb. Pr. 297; *Hiller* v. *R. R. Co.*, 70 N. Y. 223; *Clemens* v. *Clemens*, 37 id. 59, 73; *Embury* v. *Connor*, 3 id. 511, 522; 5 Hun, 177.) If the judgment-roll in the former action was not conclusive in favor of the plaintiff, the complaint should have been dismissed simply, and not on the merits. (*Wheeler* v. *Ruckman*, 51 N. Y. 391, 392; Code Civ. Pro. § 1209.) All of defendants' evidence was merely to contradict or to impeach collaterally plaintiff's judgment. The judgment could not be impeached collaterally, nor could the same facts be retried between the same parties. (*Krekeler* v. *Ritter*, 62 N. Y. 372, 374.)

*William P. Chambers* for respondents. Where an action is tried as to one of several distinct and independent contracts, the rule that whatever might have been litigated will be deemed to have been litigated, applies in full force only to the particular contract sued on and determined. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Davis* v. *Brown*, Id. 423; *Felton* v. *Smith*, 88 Ind. 149.) It is the adjudication on the verdict or findings which concludes the party. (*Lorillard* v. *Clyde*, 99 N. Y. 204; 16 J. &. S. 241, 422.) If there was no jurisdiction the finding of the referee was null and may be treated as surplusage. (*Brigg* v. *Hilton*, 99 N. Y. 532; *Gray* v. *Hodge*, 50 Ga. 262; *Risley* v. *P. Bank*, 83 N. Y. 337; *Chapman* v. *P. Bank*, 5 Abb. [N. C.] 118; *Stowell* v. *Chamberlain*, 60 N. Y. 276; *Lorillard* v. *Clyde*, 16 J. & S. 421.) To con-

stitute a matter *res adjudicata,* the controversy must have turned on it. It must appear by the record that the particular controversy sought to be concluded was necessarily tried and determined. The fact must have been in issue directly or indirectly (*P. Co.* v. *Sickles,* 5 Wall. 592; *Woodgate* v. *Fleet,* 44 N. Y. 13, 14; *People* v. *Johnson,* 38 id. 63; *R. P. Co.* v. *O'Dougherty,* 81 id. 474; *Millard* v. *M. K. & T. R. R. Co.,* 20 Hun, 191; 86 N. Y. 441.)

ANDREWS, J. It appears by the record in the former action that the court refused to enforce the cause of action founded on the alleged contract of March 22, 1884, for want of jurisdiction. The court entertained jurisdiction of the cause of action on the contract of November 17, 1881, and gave damages based thereon for royalties accruing between its date and the date of the second contract.

The defendant, in its answer in that action, admitted the making of a contract between the parties November 17, 1881, but denied its terms as alleged by the plaintiff, and, in respect to the alleged contract of November 22, 1884, the answer denied that it was made, and also set up in respect to both contracts, that by reason of the parties being non-residents and the defendant a foreign corporation, the jurisdiction of the court was excluded by section 1780 of the Code of Civil Procedure. The first contract was entered into within this state, and was not, therefore, subject to this objection. The second contract, as proved by the plaintiff, was entered into in the state of Michigan, and was, therefore, open to it.

The referee who tried the former action found that the plaintiff was entitled to recover royalties under the first contract up to the date of the second one, and a small judgment therefor. He found that the second contract was made substantially as alleged, but, further, that the court had no jurisdiction to enforce it, and rendered no judgment thereon.

A second action is now brought on the contract of March 22, 1884, the objection to the jurisdiction being obviated by the fact that the plaintiff is now a resident of the state. The

plaintiff, to establish the contract of March 22, 1884, introduced the judgment record in the former action and gave no other evidence. The point is whether this record establishes the existence of the contract now sued upon, so as to relieve the plaintiff from necessity of other proof. Unless the former judgment operates as an adjudication upon this point, it is quite clear the plaintiff cannot recover, because the contract, as disclosed by the evidence in this case, not being in writing, is void by the Statute of Frauds in Michigan. Whether there was a valid second contract, such as was alleged by the plaintiff, was wholly immaterial to the point upon which relief as to that contract was denied in the former action, viz.: That the court had no jurisdiction to enforce it. Whether the alleged contract was valid or void, the point of jurisdiction was decisive against any recovery thereon. The finding that there was such a contract was, at most, mere inducement or introductory to the finding of want of jurisdiction. It was not an essential ground upon which relief was denied and the denial of relief did not rest upon it. It is for the reason that the denial of relief upon the second contract did not go upon the merits that the plaintiff is enabled to bring a second action thereon.

The ground upon which the recovery of royalties under the first contract was, by the judgment in the former action, limited to such as accrued prior to the date of the second contract, does not clearly appear. It, apparently, must have been upon the assumption that the second contract operated as a satisfaction and extinguishment of the prior one, although this was not claimed in the complaint in that action. But if the plaintiff was denied any portion of the relief to which he was entitled under the first contract, and the defendant may, to this extent, have been benefited by the consideration given by the court to the second contract, yet this advantage did not accrue to the defendant from any claim made by him, since he denied both the contract and the jurisdiction. If the plaintiff was prejudiced he should have sought relief in the former action.

We think the judgment is right. It rests upon the principle that a former judgment is not available in a subsequent action for another cause, between the same parties, to establish any fact not material to the adjudication actually made in the former action. The finding in the former action of the existence of the second contract, was not material in a legal sense, so as to make the finding evidence of the fact so found in a subsequent action thereon, although the court made it the basis for limiting the plaintiff's recovery on the first contract, and whether the court in so doing acted erroneously or by acquiescence of the plaintiff, makes, we think, no difference. The defendant was in no way responsible for the action of the court.

The judgment should be affirmed.

All concur, except EARL, J., not voting.

Judgment affirmed.