SELDEN S. BROWN et al., Appellants, v. JOHN McKIE, as Tax Collector in the Town of Gates, Respondent.

1. REAL PROPERTY — ACTION TO SET ASIDE ASSESSMENT AS A CLOUD UPON TITLE — ERRONEOUS JUDGMENT. Where the judgment, entered in an action brought to set aside certain assessments upon lands, on the ground that they constituted a cloud upon the title thereto, does not conform to the direction of the trial judge, who directed judgment dismissing the complaint, but appears to have been agreed upon by counsel for both parties, and signed and entered by the clerk without having been submitted for the inspection and approval of the trial judge, the Appellate Division, upon an appeal from part of the judgment so entered, should reverse and set aside the judgment, solely upon the ground that it does not conform to the direction of the trial court, and remit the cause to the Special Term for the entry of a proper judgment.

2. SAME — WHEN FINDING IS NOT RES ADJUDICATA. A finding, in such action, that the assessment upon part of the lands in question is invalid, although given as a reason for a decision directing the dismissal of the complaint, does not constitute an adverse adjudication upon the validity of the assessment, which would be binding in any other judicial proceeding, where such finding is, at most, mere inducement or introductory to a finding that the defect, if any, is so manifest as to preclude the plaintiffs from maintaining the action, and the direction that the complaint should be dismissed does not rest upon the actual existence of the alleged defect, but upon the proposition that the objection to the assessment, whether good or bad in law, is patent upon an inspection of the assessment roll itself.

*Brown* v. *Otis*, 98 App. Div. 554, modified.

(Argued May 2, 1906; decided June 5, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

December 10, 1904, reversing a judgment entered upon a decision of the court at Special Term in an action to set aside certain assessments.

The facts, so far as material, are stated in the opinion.

*Eugene Van Voorhis* for appellants. The judgment having been entered by agreement, and not as directed by the trial court, is not appealable. (*Peterson* v. *Swan,* 119 N. Y. 662; *Finch* v. *Carpenter,* 29 Hun, 268; *Dawson* v. *Parsons,* 74 Hun, 221; *Bolles* v. *Cantor,* 6 App. Div. 365; *Brown* v. *Brown,* 64 App. Div. 544; *Flake* v. *Van Wagenen,* 54 N. Y. 25; *Innes* v. *Purcell,* 58 N. Y. 388; *Garczynski* v. *Russell,* 75 Hun, 513.) If this judgment should be changed in form, or corrected in any particular, the remedy is by motion at Special Term, and not by appeal. This is the well-settled practice. (*Hooker* v. *City of Rochester,* 126 N. Y. 635; *Hammond* v. *Morgan,* 101 N. Y. 179; *Pitt* v. *Davison,* 37 Barb. 97; *Dart* v. *McAdam,* 27 Barb. 187.)

*John A. Barhite* for respondent. The judgment, under the decision of the trial court, is proper in form, and no exception can be taken thereto. (Code Civ. Pro. § 1207; *Matter of Health Dept.,* 22 App. Div. 110.)

WILLARD BARTLETT, J. This action was brought to set aside certain assessments upon lands belonging to the plaintiffs on the ground that such assessments constituted a cloud upon their title. The trial judge, who rendered a decision in the short form (which has since been abolished), declared that he found the assessment to be void upon its face so far as it related to sixty-two acres of the plaintiff's land, but that the assessment as to nineteen lots thereof was valid. The decision further declared that inasmuch as the objection to the validity of the assessment appeared upon the face of the assessment roll the case came within the rule that an action in equity would not lie to set aside an assessment void on its face as a cloud upon title, and the judgment accordingly directed that the complaint should be dismissed, without costs.

The judgment which was entered upon this decision did not conform to the direction of the trial judge. Its form appears to have been agreed upon by counsel, and it was evidently signed by the clerk without having been submitted for inspection and approval to the judge who tried the cause. It embodies two adjudications: (1) That the treasurer of the city of Rochester (for whom the respondent has been substituted as defendant) had no lien by reason of the assessment in question upon sixty-two acres of the plaintiffs' land; and (2) that the city treasurer had a valid lien by virtue of such assessment upon nineteen lots belonging to the plaintiffs. From that part of this judgment declaring that no lien existed upon the sixty-two acres the defendant appealed to the Appellate Division, where the judgment, so far as appealed from, was reversed by a divided court, and a new trial was granted on the ground that the objection to the assessment, which had been sustained by the decision of the court at Special Term, had been waived by the plaintiffs by reason of their failure to present it to the commissioners of sewerage on grievance day. From the order of reversal in the Appellate Division the plaintiffs have appealed to this court.

There was no authority on the part of the clerk or anybody else to enter such a judgment as was entered in this action. The trial judge had directed judgment dismissing the complaint. If such judgment had been entered it would have afforded no basis for an appeal to the Appellate Division by the defendant. There is no practice in any system of jurisprudence, so far as we know, which permits a successful litigant to review a judgment in his own favor. The fact that the judgment was not in conformity with the decision was apparent upon a mere inspection of the record; and that fact required a reversal of the judgment, not because of any supposed error in the findings upon which it was founded, but for the simple and manifest reason that it was essentially different from the judgment which had been directed by the trial court. The learned Appellate Division should have reversed and set aside the judgment on this ground alone and

remitted the cause to the Special Term for the entry of a judgment in accordance with the direction contained in the decision.   This view leads to a modification of the order of the Appellate Division which is now brought here for review, so as to direct that the portion of the Special Term judgment appealed from be reversed and set aside solely on the ground that it does not conform to the decision of the trial court, with a further direction that the case be sent back to the Special Term for the entry of a proper judgment.

It is evident that the entry of a judgment in this case, different from that authorized by the decision, was due to the desire of the defendant to review the finding of the trial judge which declared a portion of the assessment to be invalid. This desire can be ascribed only to the idea that such finding constituted an adverse adjudication upon the validity of the assessment which would be binding upon the defendant in any other judicial proceeding.   That idea, if it existed, can only be ascribed to a misapprehension which seems to be by no means uncommon in the profession as to the effect of a finding which is not necessary to sustain the judgment actually directed in the case.   Here, as has already been pointed out, all that the trial court really decided was that whether the assessment on the nineteen lots was valid or not, the defect relied upon to invalidate it appeared upon the face of the proceeding and, therefore, did not constitute a cloud upon the plaintiffs' title so as to enable them to maintain an action to remove a cloud upon their title.   The judgment which the trial court ordered was not a judgment invalidating the assessment, but a judgment dismissing the complaint for the reason stated ; and the finding as to the invalidity of the assessment on the nineteen lots did not thereby become in any wise available to the plaintiffs as evidence that the assessment was invalid.   The judgment which the the trial court ordered was an adjudication not in favor of the plaintiffs, but against them ; and if the proper judgment had been entered the defendant would have had no reason to appeal therefrom.

It is an established principle relating to *res adjudicata*

"that a former judgment is not available in a subsequent action for another cause, between the same parties, to establish any fact not material to the adjudication actually made in the former action." (*Cauhape* v. *Parke, Davis & Co.*, 46 Hun, 306; affirmed in 121 N. Y. 152.) The case cited was a suit upon a contract in which the plaintiff to prove the existence of the contract put in evidence the judgment roll in a prior suit between the same parties wherein a referee had found that such a contract was made, but had refused to grant any relief upon the ground that he had no jurisdiction. It was held that inasmuch as the referee had denied the plaintiff any relief on account of this contract in the prior action, his finding that it existed was not a binding adjudication upon the defendant in the second suit. As was said in this court by ANDREWS, J.: "Whether the alleged contract was valid or void, the point of jurisdiction was decisive against any recovery thereon. The finding that there was such a contract was, at most, mere inducement or introductory to the finding of want of jurisdiction. It was not an essential ground upon which relief was denied, and the denial of relief did not rest upon it." (121 N. Y. 155.) So in the present case, whether the assessment upon nineteen lots was valid or invalid, the point that the defect, if it was a defect, appeared upon the face of the proceedings was decisive against the maintenance of an action to prevent a cloud upon the plaintiffs' title. The finding that the assessment was invalid was, at most, mere inducement or introductory to the finding that the defect, if any, was so manifest as to preclude the plaintiffs from maintaining an action of this character. The denial of relief embodied in the direction that the complaint should be dismissed did not rest upon the actual existence of the alleged defect, but upon the proposition that the objection to the assessment, whether good or bad in law, was patent upon an inspection of the assessment roll itself.

It is suggested not only that the form of the judgment was agreed upon by the attorneys for both parties, but that it was entered by consent. Of course, if it was entered by consent,

no matter how much it differs from the judgment directed by the trial court, there could be no right of appeal. The fact that it was so entered, however, does not appear upon the face of the papers, and if it were sought to prevent the review by the Appellate Division upon this ground it should have been made the basis of a motion to dismiss the appeal upon affidavits, so that the appellant before that court would have had an opportunity to controvert the allegation.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur; HISCOCK, J., not sitting.

Order modified, without costs to either party in this court or in the Appellate Division.