In the Matter of the Estate of WILLIAM H. KIRKHOLDER, Deceased.

FLORINE A. KIRKHOLDER, Petitioner, Appellant; EUGENE S. KNAPP, as Executor, etc., of WILLIAM H. KIRKHOLDER, Deceased, and Others, Respondents.

(*Supreme Court, App. Div., Fourth Dept., January* 22, 1916.)

WILL—CLAUSE AVOIDING LEGACY IN CASE LEGATEE QUESTIONS VALIDITY OF WILL—SECOND WILL OFFERED FOR PROBATE BY LEGATEE—RIGHT TO LEGACY UNDER PRIOR WILL DEPENDS UPON MOTIVE OF LEGATEE—EFFECT OF OFFERING FORGED WILL FOR PROBATE—WHEN PRIOR DECISION OF SURROGATE RES ADJUDICATA ON QUESTION OF BAD FAITH.

Where a will contains a clause avoiding a legacy in case the legatee controverts, disputes or calls in question the validity of the will, she does not forfeit her legacy by presenting for probate an alleged later will naming her executrix which is denied probate, providing she acted in good faith and with probable cause to believe that the later will was a genuine instrument and entitled to probate. But where the second will is a spurious instrument and offered for probate in bad faith by the legatee, she controverts or calls in question the validity of the former will and forfeits her legacy thereunder.

Where the alleged second will names the legatee as executrix and she believes it to be a genuine instrument, it is her absolute duty to offer it for probate, for if she concealed or destroyed it with intent to prevent probate, she would have been guilty of a felony.

Where the second will offered for probate by the legatee contained the genuine signature of the testator, but the body of the will was in the handwriting of the legatee which was so crowded at the end in order to make it fit above the signature of the testator that it actually overlapped said signature, and the opinion of the surrogate in refusing probate states that he is led to the conclusion that the will was written up to and over a previously existing signature of the decedent and is not in fact his will entitled to probate, the decision involves a finding of bad

faith on the part of the legatee under the prior will and she forfeits her legacy thereunder for she has controverted or disputed its validity.

*It seems,* that if the question of the legatee's good faith was not material to the decision of the surrogate when he refused probate to the alleged second will, his decree would not have been *res adjudicata* upon that question.

APPEAL by the petitioner, Florine A. Kirkholder, from a decree of the Surrogate's Court of the county of Erie, entered in the office of said Surrogate's Court on the 24th day of December, 1915, adjudging and decreeing that the petitioner is not entitled to the legacy of $5,000, mentioned in the 7th paragraph of the last will and testament of William H. Kirkholder, deceased, dated May 17, 1907, or to any part thereof, and dismissing her petition for the judicial settlement of the accounts of the executor.

John D. Teller (Daniel N. McNaughtan, attorney), for the appellant.

Simon Fleischmann and Basil H. Robillard (William C. Crombie, attorney), for the respondents Eugene S. Knapp, as executor, etc., and others.

FOOTE, J. — I think a legatee under a will which contains a clause avoiding the legacy in case he " shall * * * controvert, dispute or call in question the validity of this will," does not forfeit his legacy by presenting for probate an alleged later will which is denied probate, provided he acts in good faith with probable cause to believe that such later will is a genuine instrument and is entitled to probate. (See Matter of Kathan's Will, 141 N. Y. Supp. 705, and the authorities there cited.) But one who in bad faith presents for probate a spurious instrument with intent thereby to overthrow and avoid a prior genuine will, does thereby, I think, controvert and call in question the validity of such genuine will within the intent and meaning of the above-quoted clause.

In this case Mrs. Kirkholder, widow of William H. Kirkholder, petitioned the surrogate for the judicial settlement of the accounts of the executor and the payment of her legacy of $5,000. She had presented for probate an alleged later will which was denied probate, and it has been held below that she thereby forfeited her legacy because of the 9th clause of the will, which provides, in substance, that her legacy shall be added to and pass as a part of and under the residuary clause in case she shall " in any manner controvert, dispute or call in question the validity of this will."

By offering for probate the alleged second will she did not thereby controvert or dispute the legal validity of the prior will at the time it was made. She simply made the claim that testator had made a later will which superseded it. If the testator did in fact make such later will and she had possession of it and had no reason to doubt its genuineness and legality, it was her duty to offer it for probate, as she was named in it as executrix. If she had concealed or destroyed it with intent to prevent its probate, she would have been guilty of a felony if it was a genuine will of testator. (Penal Law, § 2052, as added by Laws of 1910, ch. 357.) It would be against public policy to subject her to a penalty or forfeiture for doing what it was her duty to do. But if she herself made and offered for probate a forged instrument purporting to be a later will, with intent to defeat the genuine will in all its provisions and to acquire the whole estate for herself, she should be held to have controverted and disputed the validity of the genuine will exactly as if she had contested its validity when offered for probate.

The question, therefore, is whether she presented the second will with knowledge that it was not genuine and with fraudulent intent to thereby defeat the earlier will.

The learned surrogate has found as a fact that the alleged second will " was never in fact his (testator's) will or executed or intended by him as such, but was a forgery and creation of

and by the said Florine A. Kirkholder." If this finding is warranted by the proofs before him, then I think it follows, as he has held, that she did in offering it for probate and seeking to sustain it by what must have been perjured testimony, thereby " controvert," dispute or call in question the validity of " the genuine will within the intent and meaning of those words as used by the testator.

This finding is based entirely on the decree of the surrogate refusing probate of the alleged second will, the surrogate's findings and opinion, and the will and papers then before him. There was no testimony of witnesses. The record of the testimony on which the surrogate's decision was based was not received though offered in evidence by respondent.

The surrogate's decree denying probate to the second will does not in terms adjudge it to be a forged instrument or that appellant had committed any fraud in its preparation or presentation for probate. There is a recital in the decree, as follows: "And the surrogate not being satisfied of the genuineness of the instrument propounded for probate as and for the last will and testament of said testator, and of the validity of its execution." · The form of the adjudication is: " that the instrument * * * propounded * * * is not the last will and testament of the said William H. Kirkholder, deceased; and that said instrument was not executed and attested in the manner prescribed by law for the execution and attestation of last wills and testaments; and that the said instrument in writing is null and void as and for the last will and testament of the said William H. Kirkholder, deceased, and that probate thereof be and the same hereby is denied and refused." Neither the above-quoted recital or adjudication or both convict appellant of bad faith in presenting the will for probate or of herself having forged the instrument. The surrogate's findings of fact were, in substance, that the signature was testator's genuine signature, the body of the will and of the attestation clause are in the handwriting of the appellant, Florine A. Kirkholder, and that

the body of the will was written after the testator had signed his name at the bottom of the sheet of paper, as appears from the fact that as the writer of the body of the will approached the already existing signature of decedent, she crowded the writing and sought to avoid interfering with the signature and finally in part " superimposed and overlapped " a portion of said signature with a portion of the writing of the body of the will. He finds that decedent did not subscribe or execute the paper as his will, or intend so to do, or authorize the writing above his signature; that the signature was not made in the presence of the witnesses, nor did testator acknowledge the same to them or either of them or declare the instrument to be his last will and testament; also that the instrument is not his will.

It was on these findings of fact alone that the learned surrogate must have based his findings in this proceeding that said instrument " was a forgery and creation of and by the said Florine A. Kirkholder." It was not so adjudged by the decree.

The decree is *res adjudicata* as to the matters therein decided, viz., that the instrument propounded is not the last will and testament of deceased and was not executed and attested in the manner prescribed by law, and is null and void as a will and is not entitled to probate.

As the decree is silent as to the grounds upon which it rests except as indicated in the recital, " the surrogate not being satisfied of the genuineness of the instrument * * * and of the validity of its execution," we may look into the surrogate's findings and opinion for the actual grounds of the decision. But, first of all, we should know the nature of the issue presented to the surrogate for decision. That appears from the petition for the probate of the will and the answer filed thereto by the contestants. This answer consists of ten separately numbered paragraphs in which the contestants in substance deny that the instrument propounded is the will of the deceased, that he signed it or acknowledged its execution to the attesting witnesses or that the witnesses signed it at his

request or in his presence, or that he declared it to be his will. Then follows the 8th paragraph in which it is alleged that the instrument was obtained and its execution procured by fraud and circumvention and undue influence practiced by petitioner and others, and the 9th, that it was not freely and voluntarily made, but that the subscription and publication were procured by fraud and coercion of the petitioner and others; thus the petitioner is charged with fraud in procuring the execution of the will, and that was an issue presented for trial. The surrogate found as conclusions of law that the objections filed by the contestants to the probate are sustained, that the will should be refused probate, that the said instrument is null and void as the last will of Kirkholder and that the petitioner is personally charged with the costs of the proceeding. The surrogate also wrote an opinion in which he says that the contestants' objections are based solely on a contention of forgery or preparation of a paper purporting to be a will written afterward over the genuine signature of the decedent. After reviewing the evidence the surrogate says that the testimony given by the experts, " taken together with many suspicious circumstances and facts developed in the course of the trial, and which seem needless to enumerate, lead me to the irresistible conclusion that the proposed will was written up, to and over the previously existing signature of the decedent, despite the direct evidence of the subscribing witnesses to the contrary." The surrogate concludes his opinion as follows: " The law is well established that the burden of proof is on the proponent to satisfactorily establish the fact that the instrument offered for probate is the last will and testament of the testator. Section 2622 of the Code of Civil Procedure* provides ' Before admitting a will to probate, the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied with [of] the genuineness of the will and the validity of its execution.' In my opinion the

---

* Now Code Civ. Pro., § 2614, as renumbered and amd. by Laws of 1914, ch. 443.—[REP.

proponent has failed to make this proof.    On the contrary, I am convinced that the instrument offered is not the last will and testament of William H. Kirkholder, deceased."

If these findings and opinion of the surrogate establish or tend to establish that the will was denied probate because it was not a genuine instrument but had been made and offered for probate fraudulently by the petitioner, then I think it was incumbent upon petitioner to show in reply, if she could, that she had been found guilty of no fraud.   She offered no such proof.    These findings are evidence of the relevant facts found. (Gugel v. Hiscox, 216 N. Y. 145.)

Construing this decree in the light of the surrogate's findings and opinion, I think it appears that the question of the appellant's good faith in presenting that will for probate was involved and was decided against her, and that in the absence of all explanation on her part the decree and the findings and opinion on which it was based are *prima facie* evidence that appellant was guilty of forgery in preparing that will and offering it for probate.

If it were possible to construe the surrogate's findings as consistent with appellant's good faith in writing the body of the will and presenting it for probate, then I think we would be bound to so construe them and to hold that the surrogate's decree is not *res adjudicata* upon that question.    But I can suggest no construction of the surrogate's findings consistent with her good faith.    If the question of appellant's good faith was not material to the decision of the surrogate, then his decree would not be *res adjudicata* upon that question. (Cauhape v. Parke, Davis & Co., 121 N. Y. 152.)    But I think the question of her good faith was necessarily involved.    Testator's signature to the will was admittedly his genuine signature.    The body of the will was in her handwriting.    If she wrote the will over his signature under the circumstances stated in the surrogate's findings, then she must have been intending

to commit a fraud upon the deceased and upon the legatees under his prior will.

The rule of *res adjudicata* is thus stated by Judge ANDREWS in Stannard v. Hubbell (123 N. Y. 520): "Whenever the same question arises between them, in whatever form of action, and whether involved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise. But this, we think, is the extent of the adjudication as evidence. It is final as to the immediate purpose and object of that action and as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue." (See, also, House v. Lockwood, 137 N. Y. 259; Lewis v. Ocean Navigation & Pier Co., 125 id. 341; Carroll v. Carroll, 60 id. 121; Campbell v. Consalus, 25 id. 613; Springer v. Bien, 128 id. 99.) Many of the cases are reviewed by Judge MARTIN in Reynolds v. Ætna Life Ins. Co. (160 N. Y. 635).

My conclusion, therefore, is that the appellant was in fact and in legal effect adjudged to have fraudulently written and offered for probate the alleged will, and that the surrogate's findings and decree, together with his opinion, affords sufficient basis and foundation for his finding in the present proceeding to the effect that she forged that will.

It follows that the decree of the surrogate appealed from should be affirmed, with costs to the respondents to be paid by the appellant personally.

All concurred.

Decree affirmed, with costs to the respondents to be paid by the appellant personally.