SIDNEY BLOCH, Respondent-Appellant, v. BLACK AND WHITE CAB CO., INC., Appellant, and NEW YORK RAILWAYS COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Damages — proof of — Municipal Court of city of New York — automobiles — street railways — judgments.

> Where in an action brought in the Municipal Court of the city of New York against a taxicab company and a street railway company to recover damages to plaintiff's automobile it appeared that when it was halted by a policeman the only vehicle behind it was a taxicab of the defendant cab company which stood partly on the street railway track and the only vehicle behind the cab was a trolley car of the defendant railway company, and it further appears that something struck the taxicab and hurled it forward and upon plaintiff's car, and upon proof of damage both plaintiff and defendants rest, the entry of two judgments, one in favor of plaintiff against the taxicab company and the other in favor of the railway company against the plaintiff, is unauthorized and both of said judgments will be reversed and judgment directed for plaintiff against the railway company and for the taxicab company dismissing the complaint on the merits.
>
> Mullan, J., dissents.

CROSS-APPEALS from judgments of the Municipal Court of the city of New York, borough of The Bronx, second district.

John H. Scully, for appellant.

Joseph Hlavac, Jr., for respondent-appellant.

James L. Quackenbush (Henry F. Gannon, of counsel), for respondent.

GUY, J.   While it is true, as stated by Mr. Justice Mullan in his opinion, that there is no authority for the entry of two judgments in this case, it is evident that the entry was done by the clerk as the trial justice made but one decision, upon which the two judgments were entered.

Under the old practice, the proper distinction to be made in such a case would be to send the case to the lower court for the entry of the proper judgment. *Brown* v. *McKie,* 185 N. Y. 303.   Neither side raises the objection that two judgments were entered and the legal effect is precisely the same as if but one judgment had been entered.   " The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day." *Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91.   It would be a hardship to require both parties to proceed to a new trial when but one party is liable and this court now has ample power to modify the judgment appealed from and to render judgment without regard to technical defects which do not affect the substantial rights of the parties (Code Civ. Pro. § 1317) and as to any or all the parties.

Judgment reversed, with thirty dollars costs to the plaintiff against the New York Railways Company, and thirty dollars costs to the Black and White Cab Co., Inc., against the plaintiff, and judgment directed for the plaintiff against the New York Railways Company for the sum of $120 and costs in the court below and for the defendant Black and White Cab Co., Inc., dismissing plaintiff's complaint on the merits, with costs.

WEEKS, J., concurs.

MULLAN, J. (dissenting).   When the plaintiff's automobile, bound southwardly on the westerly side of

Eighth avenue, was, with several other cars ahead of it, halted by a traffic policeman who was standing in the center of Fifty-third street, it came to a stop a short distance north of Fifty-third street, and wholly west of the westerly rail of the south-bound trolley track. The only vehicle behind it was a taxicab of the defendant Black and White Cab Co., Inc., and this was immediately behind, and slightly to the east of, plaintiff's car, and standing partly on the south-bound trolley track. The only vehicle behind the Black and White cab was a trolley car of the defendant railway. The trolley track toward the south was clear except for the rear left wheel of the Black and White cab, whose driver started to turn out to the west, when all vehicles except the trolley car were halted. Something struck the Black and White car, lifted it up, and hurled it forward and upon the plaintiff's car. The Black and White chauffeur at once got off his car, and found the trolley car to be then at a standstill, and five feet away from the rear of the Black and White car. There was a white mark on the bumper of the trolley car that could have been made by contact with the spare tire carried on the back of the Black and White car, this tire being covered with a white chalky substance. The plaintiff rested after making this proof, and proof of damage, and thereupon both defendants rested, and the learned trial justice dismissed the complaint against the railway company and gave judgment for the plaintiff against the Black and White Cab Co., Inc. We think it is clear that, instead, he should have dismissed the complaint against the cab company, and have given judgment against the railway company; but we are unable to correct the errors by reason of the anomalous and incorrect practice here followed of entering two judgments. One judgment was entered in favor of the plaintiff,

and against the defendant Black and White Cab Co., Inc., for $120 and $20.72 costs and disbursements, and the other in favor of the defendant New York Railways Company, and against the plaintiff, for $17.72 costs and disbursements, from which judgments separate appeals were taken by the defeated parties. There is no authority for such practice; only one judgment can be entered in an action. An action may be severed (Mun. Ct. Code, § 127; Code Civ. Pro. § 456), and thereafter there are as many actions as the severance may create, but until then as there is but one action there cannot be more than one judgment. We are not unaware of the fact that the convenience of litigants and of counsel may at times be served by the adoption of the practice here followed, but it has no sanction; it would in many cases be the cause of great confusion, and in any event we are without power to approve it. We are accordingly required to direct that both judgments be vacated, and that the action be sent back for a new trial.

Both judgments should be vacated and a new trial ordered, without costs to any party.

*Judgment reversed as to the railways company, and judgment directed for plaintiff; and as to the cab company reversed and complaint dismissed.*