HENDERSON v. McRAE.

1. ACCORD AND SATISFACTION—FAILURE TO PERFORM—RESCISSION.
   Where a creditor agrees to accept a certain sum of money in satisfaction of his demand, a part of which the debtor pays and repudiates the balance, the creditor is entitled to rescind the contract for an accord and bring his action on the original demand without returning the amount paid, though the debtor should be given credit for it in the final account.

2. SPECIFIC PERFORMANCE—PURCHASE OF LANDS—JOINT ACCOUNT.
   A contract between a land looker and a lumber manufacturer that a tract of land called to the manufacturer's attention by the land looker should be purchased by the manufacturer if found satisfactory, and the profits arising from the purchase divided, is enforceable in equity.

3. SAME—PARTIES.
   The act of the manufacturer in taking a third party into the deal without the land looker's consent, and causing the conveyance to be made to him, cannot affect the rights of the land looker.

Appeal from Muskegon; Russell, J. Submitted April 13, 1906. (Docket No. 68.) Decided May 18, 1907.

Bill by David W. Henderson against John McRae, Donald McRae, and Peter McArthur, copartners as John McRae & Company, for an accounting. From a decree for complainant, defendants appeal. Affirmed.

*James C. McLaughlin*, for complainant.

*C. W. Sessions*, for defendants.

McALVAY, J.   In this case complainant, claiming to be entitled to one-half of the net profits arising out of the sale of certain pine timber and land situated in Ontonagon county, by virtue of a certain agreement made and entered into between the parties to this suit in the year 1895, filed his bill of complaint against defendants, asking for an accounting therefor.   He is a resident of Muskegon county. The case was heard before the circuit court for Muskegon county, in chancery, and a decree was rendered therein granting complainant the relief asked.   Upon the appeal of defendants to this court the determination of the questions raised depends upon the facts which the evidence in the case shows have been established.   There was a sharp dispute between the principal parties upon the material facts involved.   To discuss the evidence, together with questions of the credibility of witnesses, and corroborating facts and circumstances in support of testimony, will be of no benefit to the profession.   We therefore state the facts we have found after a careful examination of all the testimony.

The record establishes that complainant, an experienced land looker, having learned of a certain tract of pine timber land belonging to one Josiah E. Just, of Ionia, and having theretofore examined and estimated the same, brought his information, with the estimates, to the attention of defendants, who were engaged in the lumber business in Ontonagon county, under the firm name of John McRae & Co., and who desired to purchase timber of the kind growing upon said land, and made and entered into a verbal agreement with them through Donald McRae,

one of the defendants, that they would have the lands examined, and, if found satisfactory, they would furnish the money to buy them, and would divide equally with complainant the profits arising from the transaction. By agreement complainant obtained an option in writing for the purchase of said lands from the owner for $5,000, running long enough to permit an examination of the lands by defendants. This option, together with the estimates complainant had and descriptions of the land, were turned over to defendants. Defendant Donald Mc-Rae thought the land should be bought for $4,000, and it was agreed that further correspondence with Mr. Just should be continued by defendants. Complainant on November 22, 1895, so wrote to Mr. Just, inclosing a letter of same date from defendants showing their estimate, the situation of the land, and their objections to the price. Complainant explained the relation of the parties to the deal, and that defendants were furnishing the money. Several letters passed between defendants and Mr. Just in relation to the matter, and, finally, on January 16, 1896, a contract in writing was entered into between them for the purchase of this land for the sum of $4,000, to be paid part in cash, and the balance in notes. In consideration of payment of cash in full, this was reduced to $3,950, and on February 24, 1896, a warranty deed of these lands was made by Just and wife to Patrick A. Ducey, in which it was stated:

"This deed is given in accordance with and in fulfillment of a contract made the 16th day of January, 1896, between Josiah E. Just, of the first part, and John Mc-Rae, Dan McRae, and Peter McArthur, composing the firm of John McRae & Company, of the second part."

Complainant had no knowledge of this deed, and never consented to it. Donald McRae in January or February, 1896, told complainant that they had bought the land for $4,000. Complainant then asked for a letter showing his interest. Mr. McRae denied that he had any interest, and said they were obliged to take another party into the deal.

In March of the same year complainant proposed to Donald McRae to settle this dispute upon the payment to him by defendants of $50 in cash, and a receipt in full for his account on defendants' books for $30 borrowed money and interest, making $31.45. This proposition was accepted, and defendant Donald McRae paid him $15, stating that he would pay the balance of the $50 at any time after the following day. On the second day complainant went to the office and asked for the balance, which was refused; McRae claiming the agreement was that complainant was to be paid $50 in settlement of his claim, the account to be included in that amount. Complainant then withdrew his offer of settlement, and stated that he would try to collect all that was coming to him. The timber was sold for $7,000 in September, 1896, realizing a profit of $3,050, less expenses. Complainant instituted this suit in February, 1899.

The principal question of law raised by defendants in the case is; that the compromise agreement between the parties constituted a full and complete settlement; that a new contract was substituted for the old one, and was partially executed by the payment of $15 which complainant has retained; and that complainant cannot rescind the new agreement, retain the benefits, and bring suit upon the original contract. In matters of accord and satisfaction, there is a well-defined and easily recognized distinction between two classes of agreements:

1. Where the agreement of the creditor is to accept the performance of the debtor's new promise or agreement in satisfaction of the demand.

2. Where such promise or agreement itself, based upon sufficient consideration, is accepted in satisfaction of the demand. 2 Chitty on Contracts (11th Am. Ed.), p. 1124.

And in this class of cases it must clearly appear that the intention of the party was to accept such promise, and not the performance, in satisfaction of the original demand. In the first class of cases the accord must be fully executed to bar an action on the original demand. 1 Cyc.

p. 312, and cases cited. In the second class the original demand is extinguished, and cannot be the foundation of an action. 1 Cyc. p. 336, and cases cited. Some of the cases cited by defendants recognize this distinction. *Sioux City Stock-Yards Co.* v. *Packing Co.*, 110 Iowa, 396.

The facts as found by us bring this case within the first class. Complainant agreed to accept the debtors' performance of the agreement in satisfaction of his demand. Complainant was ready to carry out the agreement, and defendants refused to perform their part. Complainant had a right to rescind the contract and bring his action on the original agreement. That complainant retained the $15 paid by defendants is not disputed. In the first class of cases above mentioned part execution of the accord does not extinguish the original demand. Defendants on the accounting were properly given the benefit of the amount paid. *Brunswick, etc., R. Co.* v. *Clem*, 80 Ga. 534; *Campbell* v. *Hurd*, 74 Hun (N. Y.), 235.

The contract established by complainant was one usual in the business in which the parties were engaged, and enforceable in a court of equity. *Petrie* v. *Torrent*, 88 Mich. 43, and cases cited.

The relation of Mr. Ducey to the defendants is one which cannot affect complainant's rights in the premises. Complainant was in no way connected with him in the transaction. His agreement was with the defendants alone. If they have advisedly or mistakenly turned over some of the profits of this deal to Mr. Ducey, they have done so at their own risk. Complainant was not guilty of laches in bringing this suit, nor has he made a mistake in his remedy.

The decree of the circuit court is affirmed, with costs to complainant.

CARPENTER, BLAIR, HOOKER, and MOORE, JJ., concurred.