ALLSWEDE *v.* CENTRAL WAREHOUSE CO.

1. WAREHOUSEMEN—EVIDENCE — CONVERSION — REPLEVIN PROCEEDINGS—DESCRIPTION OF PROPERTY.

In a suit against a warehouseman for conversion of beans stored with him, where the defense was that they had been taken by replevin, the replevin proceedings were inadmissible where the writ called for 250 bags of beans described as lot 330, whereas plaintiff's warehouse receipt called for 250 bags of beans described as lot 233.

2. SAME—REPLEVIN PROCEEDINGS—AMENDMENTS.

Permission to amend the description in the writ and return to correspond with the warehouse receipt was properly refused, since plaintiff was not a party to the replevin case, and an amendment in the description of the property would release the sureties on the replevin bond.

3. SAME—REPLEVIN—NOTICE TO OWNER—RELEASE FROM LIABILITY —STATUTES.

Notice by telephone by warehouseman to the owner of beans that they had been taken from his possession by replevin was not a compliance with the statute (2 Comp. Laws 1915, § 6559) providing for release from liability by notice in writing served personally or by registered letter.

4. SAME—COMPROMISE AND SETTLEMENT—ESTOPPEL.

Plaintiff was not estopped from suing warehouseman for conversion of beans by compromise negotiations for payment which failed, since one is not concluded unless the terms of the negotiation are carried out in whole or in part.

Error to Saginaw; Gage, J. Submitted June 7, 1918. (Docket No. 76.) Decided October 7, 1918. Rehearing denied January 31, 1919.

Case by William H. Allswede against the Central Warehouse Company for the conversion of certain beans. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*E. L. Beach,* for appellant.

*Devereaux & Vincent* (*Purcell & Travers,* of counsel), for appellee.

BIRD, J.   Plaintiff stored 250 bags of beans in defendant's warehouse, in the city of Saginaw, on February 24, 1915, and took a receipt therefor, describing them as Lot Number 233.   Later when he demanded them he was advised by defendant that they had been replevied by the Henry W. Carr Company.   Plaintiff thereupon referred the matter to his attorney for investigation.   It developed that the Henry W. Carr Company claimed that plaintiff had sold the beans to it and that the suit in replevin was for the purpose of enforcing delivery under the sale.   There was some talk between counsel for the parties about an adjustment of the matter, but it was never carried out and this suit was begun to recover the value of the beans. After the testimony was closed both parties requested a directed verdict.   The trial court was of the opinion that the defendant had not made out its defense and that it was guilty of conversion of the beans.   Plaintiff was awarded a verdict of $3,136.83.

1. Defendant's principal defense was that the beans had been taken from its possession by a writ of replevin issued in favor of the Henry W. Carr Company.   Plaintiff objected to the admission of the replevin proceedings because the writ called for 250 bags of beans described as Lot 330, whereas the plaintiff's warehouse receipt called for 250 bags of beans described as Lot 233.   The trial court held the objection good and excluded the proceedings.   Defendant's counsel, who was plaintiff's counsel in the replevin case, then asked permission to amend the description in the writ and return, to correspond with the description in the warehouse receipt.   The defendant in this case, who was also the defendant in the replevin case, signified its consent to this amendment.   The

203—Mich.—24.

trial court held this ought not to be done because the plaintiff in this suit was not a party to the replevin case, and because an amendment in the description of the property named in the writ and return would release the sureties on the replevin bond. Plaintiff's counsel insist that whether the court was right or wrong in his refusal to permit an amendment in the replevin case, an assignment of error in this case cannot raise the question. The conclusion of the trial court with reference to the release of the sureties is supported by the holding of this court in *Bolton* v. *Nitz*, 88 Mich. 354, where the point was directly involved and decided. The denial of the motion to amend was not error.

2. Defendant's counsel also contends that it is absolved from any liability by reason of the following statute:

"Whenever any goods, wares, merchandise, or other personal property shall be taken from the possession of any warehouseman, by writ of attachment or replevin, or other legal process, said warehouseman shall at once give written or printed notice thereof to the owner or person named in the warehouse receipt given for said property, or in case said warehouseman shall have received notice of any transfer of said property, and of the name and address of the transferee, he shall also give to said transferee like notice of said suit. *Said notice may be delivered personally or sent by registered mail, postpaid. If such notice shall be given, as aforesaid, said warehouseman shall not in any way be liable on account of said suit to said owner or transferee of said property,* or to the holder of any receipt or voucher given for the same, saving and reserving to such owner or holder the legal remedies for the recovery of the said goods, wares, merchandise and other personal property from any person unlawfully detaining the same, or for damages against any person unlawfully taking the same." 2 Comp. Laws 1915, § 6559.

Plaintiff's counsel reply that the statute does not

apply because the notice required by the statute must be in writing, and served personally or by registered mail. The proofs show that all the notice which the plaintiff received of the replevin proceedings was over the telephone. We do not think this method of notifying plaintiff was such a compliance with the statutory requirement as to entitle defendant to the protection of the statute.

3. The further point is made by counsel for defendant that whatever defect there may have been in the description of the property in the replevin proceedings and in giving notice under the statute were waived by plaintiff. It appears that after plaintiff was notified over the telephone that his property had been taken by a writ of replevin he turned the matter over to his counsel, who went to Saginaw to make an investigation. He talked the matter over with counsel for the Henry W. Carr Company and was assured that plaintiff would get his pay if he would draw a draft on the Henry W. Carr Company for the price of the beans. In pursuance of this assurance a draft was drawn but was unhonored and a second draft was drawn and this was refused. We are unable to see how these negotiations would estop the plaintiff from maintaining the present action unless the promise to pay for the beans was carried out by the Henry W. Carr Company, or some effort made to carry it out. One is not concluded by negotiations for compromise unless the terms of the negotiation are carried out in whole or in part. 8 Cyc. p. 534.

Other assignments are argued but we think they are rendered unimportant by the conclusions we have reached on the questions already considered.

The judgment is affirmed.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, J. OSTRANDER, C. J., concurred in the result.