PALMERLEE *v.* REPUBLIC ACCEPTANCE CORPORATION.

1. ACCORD AND SATISFACTION—EXECUTORY ACCORD WITHOUT SATISFACTION NO BAR.

Although a compromise parol agreement, if otherwise valid, may supersede or take the place of one theretofore entered into in writing, failure to make payment of the amount agreed upon leaves such agreement a mere execu-

On failure to perform an act required by new agreement as affecting character thereof as accord and satisfaction, see notes in 10 A. L. R. 222; 14 A. L. R. 230.

tory accord without satisfaction, and as such it constitutes no bar to the enforcement of the original debt or claim.

2. SAME—EVIDENCE—SUFFICIENCY—DIRECTED VERDICT.

In an action for moneys due for services rendered under an employment contract and compensation as agreed upon in the event of cancellation, where defendant's claim as to the amount agreed upon in a compromise agreement after the cancellation of the contract was not supported by competent evidence, and no amount was paid, a directed verdict for plaintiff for the amount due under the original contract was proper.

Error to Wayne; Williams (William B.), J., presiding. Submitted October 18, 1921. (Docket No. 129.) Decided December 21, 1921.

Assumpsit by Joseph D. Palmerlee against the Republic Acceptance Corporation for a balance due on a contract of employment. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Beaumont, Smith & Harris,* for appellant.

*Monaghan, Crowley, Reilly, & Kellogg,* for appellee.

SHARPE, J. On October 1, 1919, plaintiff entered the employ of the Republic Mortgage Company under a written contract, by the terms of which he was to receive $6,000 per year. Either party had the right to terminate the employment upon 30 days' notice. By parol agreement this contract was assumed by the defendant. On May 24, 1920, the defendant gave notice of cancellation and informed plaintiff that his services were not further required. At that time there was due plaintiff $100 for services then performed. Negotiations resulting in a settlement were had. The parties disagree as to its terms. The

plaintiff claims he agreed to accept $450, while the defendant insists that $350 was agreed upon. Defendant sent a check for the $350 to plaintiff, which was returned. Plaintiff then sued to collect the $100 due him for services rendered and $500, being 30 days' compensation as agreed upon in the event of cancellation.

The first count of the declaration was on the written agreement, the second on the common counts in assumpsit. The defendant moved for a directed verdict, which was denied. The court directed a verdict for plaintiff for $600 and interest in the sum of $30.

It is defendant's claim that a settlement was made between the parties and the prior written contract thereby superseded. That a compromise parol agreement, if otherwise valid, may supersede or take the place of one theretofore entered into in writing, is well settled in this State. *Grand Traverse Fruit, etc., Exchange* v. *Canning Co.*, 200 Mich. 95, and cases cited. Plaintiff's counsel seem to so concede, but insist that defendant's failure to make payment of the amount agreed upon—

"leaves such an agreement a mere executory accord without satisfaction, and as such it constitutes no bar to the enforcement of the original debt or claim."

This claim on their part seems to be well supported by the decisions of this court. *Henderson* v. *McRae*, 148 Mich. 324; *Allswede* v. *Central Warehouse Co.*, 203 Mich. 368. An exhaustive note on this question will be found in 10 A. L. R. 222. It appears, however, that, while a compromise settlement agreement was reached, the parties differ as to its terms. The defendant claims that $350 was agreed upon, while the plaintiff claims the amount was $450. If there was competent evidence tending to support defend-

ant's claim, and it tendered performance by sending a check to plaintiff, which was returned solely for the reason that the amount was not as agreed upon, this issue should have been submitted to the jury.   The plaintiff was the only witness sworn.   On cross-examination he testified:

"*Q.* What amount was mentioned at that discussion you just—which your counsel just asked you about, Mr. Palmerlee?

"*A.* Mr. Renyx agreed—Mr. Renyx was in Detroit and he asked me if I would accept, or entertain a proposition for a settlement.   I told him I would be very glad to do so.   He asked me what terms I would entertain as a settlement.   I told him I would leave it up to him.   He agreed to pay me the full month's salary of May, that is, the amount due in May.

"*Q.* The balance of May?

"*A.* The balance of May.

"*Q.* Which would be from May 24th on to the 30th, I take it?

"*A.* Beg pardon?

"*Q.* Which would be from May 24th on to the 30th?

"*A.* Yes.

"*Q.* One week?

"*A.* One week, yes, plus one-half of June salary.

"*Q.* 50 per cent?

"*A.* 50 per cent.

"*Q.* Of the 30 days for which you did not receive notice, is that right?

"*A.* One-half; making a total of $450.

"*Q.* $450?

"*A.* Yes, sir.

"*Q.* That is the amount that you discussed with Mr. Renyx?

"*A.* Yes, sir.

"*Q.* Are you sure about that?

"*A.* $450.   I am sure."

On redirect-examination he testified:

"*Q.* You say Mr. Renyx agreed to give you $450?

"*A.* Yes, sir.

"*Q.* Did he ever pay you that?

"*A.* He did not.   \*   \*   \*

"*Q.* Have you ever received any portion of the $450?

"*A.* No; they sent me a check—they sent me a check for $300 and some odd dollars.

"*Q.* So you returned it?

"*A.* Yes, sir, I returned it.

"*Q.* Your understanding was then that if they gave you the $450 at that time that you would have been satisfied.

"*A.* I agreed to a settlement at that time for $450.

\*   \*   \*

"*The Court:* You agreed to accept $450?

"*A.* $450 at that time.

"*The Court:* You made an agreement to accept $450 in full satisfaction of your claim?

"*A.* Yes, sir."

It is conceded that plaintiff was entitled to $100 earned salary at the time of his discharge. Considering his testimony in the light most favorable to defendant, it appears that he agreed to accept, in addition to this $100, the salary he would have earned from May 24th to May 31st, agreed on at $100, and 50 per cent. of the salary for June, $250, making a total of $450.

It is also claimed that plaintiff admitted he had been paid $3,800, and that this amount and that allowed by the trial court, $600, was in excess of that to which he was entitled under the contract. In this counsel is in error. On June 1st he would have earned 8 months' salary, or $4,000. From June 1st to June 24th, when the 30 days' notice would have expired, he would have been entitled to 24/30 of $500, or $400, in all $4,400.

The verdict was properly directed, and the judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.