BELROSE *v.* KANITZ.

1 ACCORD AND SATISFACTION—CLAIMS FOUNDED ON TORT OR CONTRACT.
A claim or demand founded on a tort, as well as one founded on contract is a subject of accord and satisfaction and may be discharged thereby.

2. SAME—PERFORMANCE OF NEW AGREEMENT.

A promise or agreement which is so accepted as to extinguish a previously existing claim or demand constitutes a good accord and satisfaction whether or not it is actually carried out or performed; and in case the new agreement is not performed the creditor's remedy is upon it for its breach as the original claim or demand is not revived by the nonperformance of the new promise.

3. SAME—SATISFACTION OF EXISTING DEBT—PERFORMANCE OF NEW AGREEMENT.

An agreement which *per se* satisfies and extinguishes an existing debt operates as an immediate satisfaction thereof whereas an agreement, the performance of which is to have that effect, satisfies the existing debt only when performed.

4. SAME—INJURY TO EMPLOYEE—CLAIM FOR DAMAGES.

Agreement whereby employer, not operating under workmen's compensation act, agreed to pay employee $14 a week until his return to work, $25 a week for 104 weeks, an additional year at a wage later to be determined, $500 in a lump sum or instalments secured by a note and chattel mortgage on employer's business property, all hospital and medical expenses and cost of artificial leg for employee, which agreement recited it was for "complete settlement for loss of right leg" by employee at employer's dry-cleaning plant *held*, to have been intended as a full and complete settlement of the employee's claim for damages.

5. SAME—PERFORMANCE OF NEW AGREEMENT.

In action by former employee of defendant employer who was not operating under the provisions of the workmen's compensation act for damages sustained by loss of leg from injuries arising out of and in the course of his employment, directed verdict and judgment for defendant *held*, proper where after the injury the parties entered into an agreement whereby defendant agreed to pay $14 a week until plaintiff returned to work, $25 a week thereafter for 104 weeks and an additional year at a wage to be determined subsequently, $500 secured by a note and chattel mortgage, all hospital and medical expenses and cost of artificial leg and defendant had fulfilled his agreement except as to employment until plaintiff voluntarily left.

Appeal from Muskegon; Miles (Fred T.), J., presiding. Submitted April 12, 1938. (Docket No. 70, Calendar No. 39,682.) Decided June 6, 1938.

Case by Russel Belrose against A. E. Kanitz, doing business as Evans Dry Cleaners, for personal injuries sustained while in defendant's employ. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Sharkoff, Wierengo & Clink,* for plaintiff.

*Joseph T. Riley,* for defendant.

McALLISTER, J. Plaintiff while employed by defendant as a dry cleaner, on October 29, 1934, suffered injuries in the course of and arising out of his employment, necessitating the amputation of his right leg above the knee. Defendant's business at the time of the accident was not being operated under the provisions of the workmen's compensation act.

During plaintiff's convalescence, defendant discussed with him the matter of making a settlement and submitted several different proposed agreements to plaintiff, who discussed them with his legal counsel. Approximately three months after the accident, the parties signed a contract of settlement of plaintiff's claim. It was provided, according to the terms of the contract, that defendant should pay plaintiff $14 per week until plaintiff would be able to return to work; that upon plaintiff's return to defendant's employment, he would be guaranteed $25 per week for a period of 104 weeks, and after such period plaintiff was to be employed an additional year at an increase of wages to be decided upon at that time, depending upon business conditions; that in addi-

tion, defendant would pay plaintiff the sum of $500 either in a lump sum or instalments, the total to be paid by July, 1936, such agreement to be secured by a certain note and chattel mortgage on the property owned by defendant in the conduct of his business. It was further agreed that defendant would pay all of plaintiff's hospital and medical bills and pay the cost of an artificial leg for plaintiff.

Defendant made all of the payments according to the terms of the contract in the amount of approximately $1,200, in addition to paying plaintiff $14 per week for several months during his convalescence and the sum of $25 per week for plaintiff's services after he returned to work. Plaintiff voluntarily quit defendant's employ in July, 1936, to take other employment. After he left defendant's employment, plaintiff brought suit for $5,000 for damages arising out of injuries resulting from defendant's alleged negligence. The defense relied upon was an accord and satisfaction, based upon the contract of settlement executed between the parties, which had been completely executed by defendant, except as to employment. Defendant, however, had continued to pay the salary agreed upon in the contract during the time plaintiff remained in his employment until plaintiff put it out of his power to do so.

Plaintiff claims that at the time the written agreement was executed, there was an oral understanding that defendant would give him certain kind of work which he would be able to do; but the testimony of the witnesses, including that of plaintiff himself, does not support such contention. In any event, plaintiff never claimed to defendant at any time prior to quitting that any agreement between the parties provided for different work than he was engaged in.

On July 5, 1936, at the time plaintiff voluntarily left defendant's employ, defendant had paid plain-

tiff for all services up to that time as well as for a month's period during which plaintiff was absent from employ during the spring of 1936. On July 5th, plaintiff took employment with another company. On July 21, 1936, defendant wrote plaintiff a letter stating that he was to return to work on August 4th. This letter inclosed a check for the final balance payable on the amount of $500 stipulated in the contract. Upon receiving this payment, plaintiff redelivered to defendant the chattel mortgage and promissory note previously given as security; but he did not return to work or make any representations to defendant that he wished to go back to work for him.

Plaintiff testified:

"Around July 5th, I quit my job. I told Mr. Kanitz I was going to quit. I think I told him about 10 days before I left. I told him that I was going to take a job with the Rawley Company selling artificial limbs. This was a traveling job * * * I am receiving $80 per month toward expenses and I get a commission on everything I sell. I didn't tell Mr. Kanitz what my arrangement with Rawley was. He said he would give me a 30-day leave of absence to try out this job. I was going to quit and instead of accepting my resignation he offered me a 30-day leave of absence * * * when I got this letter from Mr. Kanitz I didn't go to see him. I just saw him on the street, I never said anything about wanting to go back to work for him. I still work for the E. H. Rawley Company. Kanitz sent me a letter to the effect that he wanted me back * * * I quit voluntarily. I did not have any discussion with Mr. Kanitz after that relative to further employment."

The trial court directed a verdict for defendant from which plaintiff appeals, claiming that the contract of settlement was executory and, therefore, was not a discharge of plaintiff's claim for damages.

"A claim or demand founded on a tort, as well as one founded on contract is a subject of accord and satisfaction, and may be discharged thereby." 1 C. J. S. p. 481.

"Where a promise or agreement is so accepted in satisfaction it extinguishes the claim or demand previously existing, and constitutes a good accord and satisfaction, whether or not it is actually carried out or performed. In case of nonperformance of the new promise or agreement, the creditor's remedy is upon it for its breach, and not upon the original claim or demand which is not revived by the nonperformance of the new promise." 1 C. J. S. p. 489.

The distinction between an agreement which is, *per se,* to satisfy and extinguish an existing debt, and an agreement, the performance of which is to have that effect, must not be overlooked. The former operates as an immediate satisfaction of the debt; the latter, only when performed. *White* v. *Gray,* 68 Me. 579.

In *Henderson* v. *McRae,* 148 Mich. 324, this Court said:

"In matters of accord and satisfaction, there is a well defined and easily recognized distinction between two classes of agreements:

"1.    Where the agreement of the creditor is to accept the performance of the debtor's new promise or agreement in satisfaction of the demand.

"2.    Where such promise or agreement itself, based upon sufficient consideration, is accepted in satisfaction of the demand.   2 Chitty on Contracts (11th Am. Ed.), p. 1124.

"And in this class of cases it must clearly appear that the intention of the party was to accept such promise, and not the performance, in satisfaction of the original demand.   In the first class of cases the

accord must be fully executed to bar an action on the original demand. 1 Cyc. p. 312, and cases cited. In the second class, the original demand is extinguished and cannot be the foundation of an action.''

In the case before us, the contract executed by the parties stated among other stipulations:

''This agreement entered into between Evans Dry Cleaner, A. E. Kanitz and Russel Belrose as complete settlement for loss of right leg by Russel Belrose at the Evans Dry Cleaning plant, located at 302 Apple street, on October 29, 1934.''

All of the circumstances in the case indicate that it was the intention of the parties by the execution of such agreement to make a full and complete settlement of the claim for damages. There is nothing in plaintiff's claim or testimony to indicate otherwise. His acceptance of a chattel mortgage on all of the property used by defendant in the conduct of his business in order to secure the payment of the amount of $500 agreed upon as one of the items to be paid him by defendant is of special significance in showing that plaintiff accepted the contract as a settlement of his claim, rather than relying upon the completed performance of its terms by defendant. Under the testimony, the stipulations in the contract and the evidence, the trial judge properly directed a verdict for defendant.

Judgment affirmed, with costs to defendant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.