## FRICKE v. FORBES.

1. Accord and Satisfaction—Compromise.

> A compromise settlement performed in accordance with its terms becomes an accord and satisfaction.

---

Discharge of contracts by account stated, see 2 Restatement, Contracts, § 422.

Effect of executory accord and satisfaction, see 2 Restatement, Contracts, §§ 417, 418.

2. SAME—UNLIQUIDATED DEMAND—PAYMENT OF AMOUNT SMALLER THAN DUE.

> An unliquidated demand can be satisfied by the payment of an amount smaller than its actual value.

3. SAME—ACCEPTANCE OF SMALLER SUM THAN DUE UNDER DISPUTED CLAIM.

> A creditor who, in settling the amount of a disputed claim, agrees with the debtor upon a certain sum, and as a part of the agreement accepts a less sum in full payment, discharges the whole demand.

4. COMPROMISE AND SETTLEMENT—PAYMENT—EVIDENCE.

> In action for balance due from tenant farmer with whom plaintiff had entered into a compromise settlement agreement, record *held*, to sustain finding of trial court that defendant had not made payment in accordance with the agreement.

5. ACCORD AND SATISFACTION—EXECUTORY ACCORD WITHOUT SATISFACTION NO BAR.

> Although a compromise parol agreement, if otherwise valid, may supersede or take the place of one theretofore entered into in writing, failure to make payment of the amount agreed upon leaves such agreement a mere executory accord without satisfaction, and as such it constitutes no bar to the enforcement of the original debt or claim.

6. COMPROMISE AND SETTLEMENT—PERFORMANCE OF NEW PROMISE.

> After parties have compromised their unliquidated demands against each other and entered into a written settlement agreement under which debtor was to make a further payment but failed to make it within time limited therefor, the creditor need not perform his promise to discharge the old debt but may rescind the compromise agreement and sue on the original obligation, the presumption being that the parties intended that the old debt would not be discharged until the debtor's new promise was performed.

7. SAME—TIME—RECORD—MATERIAL BREACH OF CONTRACT.

> In action by creditor against debtor who had hitherto, under a compromise agreement, promised to make payment of the balance on a given date, finding of circuit judge that the agreed time for payment was as asserted by plaintiff and that such agreed time was of the essence of their agreement *held*, supported by record which failed to show that a present discharge of the old debt was intended at the time of making the compromise agreement; hence holding that failure to pay

at time limited was a material breach of the agreement was not error.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted April 11, 1940. (Docket No. 104, Calendar No. 40,855.) Decided September 6, 1940.

Victoria Fricke commenced action in justice court against George H. Forbes for money allegedly due her from the lease of a farm. Judgment for plaintiff. Defendant appealed to circuit court. Affirmed. Defendant appeals. Affirmed.

*John L. Roach* (*Chester R. Schwesinger*, of counsel), for plaintiff.

*Herbert W. Smith*, for defendant.

NORTH, J. Each of these litigants claimed an unliquidated indebtedness from the other but did not agree as to the balance which plaintiff claimed was due to her. At least two or three unsuccessful attempts were made to adjust their differences and fix definitely the amount due from defendant to plaintiff. Finally, on May 14, 1938, a settlement was reached, obviously by way of compromise. The agreed balance due from defendant to plaintiff was $31.82, and each of the parties signed a written memorandum worded as follows: "Balance due $31.82, May 14, 1938." Plaintiff claims that defendant promised to pay this balance "the following week when he got his milk check." This was not done, but on June 3, 1938, defendant went to plaintiff's home and there paid her $10. According to her testimony on that occasion the following conversation occurred between the parties:

"And I said, 'When can you pay any more than that?' He said, 'Why, next week I am going to sell some calves,' and he says, 'I will have some more

money for you.' I said, 'Will I come and get it or will you bring it to me?' He says, 'I will bring it to you.' That was the whole conversation."

No further payments having been made, plaintiff commenced suit by summons in justice court July 16, 1938. From the justice court there was an appeal to the circuit court. In accordance with her bill of particulars plaintiff sought to recover a total of $249.10. Defendant under the plea of general issue asserted the parties had reached a settlement and that there was due plaintiff only the unpaid balance agreed upon in the settlement, which balance after the $10 payment was $21.82. Plaintiff asserted that since defendant had not lived up to the terms of their compromise settlement, she was not bound thereby and was entitled to recover in accordance with her bill of particulars. The circuit judge rendered judgment in favor of plaintiff and against defendant in the sum of $236.60. Leave having been granted, defendant has appealed.

In effect the defendant testified that at the time the $10 payment above noted was made it was understood between these parties that he would pay the balance agreed upon on July 25, 1938, that being the time when he would receive his July milk check. As noted above plaintiff instituted her suit prior to July 25th. It is plain from the finding of the circuit judge, who tried the case without a jury, that he accepted plaintiff's testimony in preference to that of defendant, and in so doing reached the conclusion that defendant had failed to make payment to plaintiff in accordance with the terms of their compromise settlement; and that even as modified, the understanding reached between the parties was that defendant would make plaintiff a further payment within the next week after June 3, 1938, when he was "going to sell some calves." Admittedly defendant

did not make such a payment; and because of this default the circuit judge held plaintiff was no longer bound by the compromise settlement.

As noted by the circuit judge in his findings, a compromise settlement performed in accordance with its terms becomes an accord and satisfaction. In his opinion he quoted the following:

"An unliquidated demand can be satisfied by the payment of an amount smaller than its actual value.

"A creditor who, in settling the amount of a disputed claim, agrees with the debtor upon a certain sum, and as a part of the agreement accepts a less sum in full payment, discharges the whole demand." *Wheeler* v. *Baker* (syllabi), 132 Mich. 507.

But this record sustains the finding of the circuit judge that defendant did not make payment in accordance with the compromise settlement agreement; and the circuit judge correctly concluded that decision herein is controlled by the following authorities and others of like character.

"Although a compromise parol agreement, if otherwise valid, may supersede or take the place of one theretofore entered into in writing, failure to make payment of the amount agreed upon leaves such agreement a mere executory accord without satisfaction, and as such it constitutes no bar to the enforcement of the original debt or claim." *Palmerlee* v. *Republic Acceptance Corp.* (syllabus), 216 Mich. 692.

"Nothing short of the fulfillment of an agreement of compromise will discharge the original demand. If the agreement of compromise is breached by what is in effect a failure or refusal to perform, the original cause of action is revived, and the other party may elect to regard the compromise as rescinded and proceed upon the original demand." 11 Am. Jur. p. 275.

In *Stadler* v. *Ciprian,* 265 Mich. 252, quoting from *Burr's Damascus Tool Works* v. *Peninsular Tool Manfg. Co.,* 142 Mich. 417, we said:

"It is the general and well-settled rule that an accord cannot be made a successful defense unless fully performed."

The supreme court of the United States has expressed itself on this question as follows:

"Where a controverted case was, by agreement of the parties, entered settled, and the terms of settlement were that the debtor should pay by a limited day, and the creditor agreed to receive a less sum than that for which he had obtained a judgment; and the debtor failed to pay on the day limited, the original judgment became revived in full force." *Early* v. *Rogers* (syllabus), 16 How. (57 U. S.) 599.

"It is not enough that there be a clear agreement or accord and a sufficient consideration; but the agreement or accord must be executed before it can be pleaded as an accord and satisfaction. If part of the consideration agreed on be not performed, the whole accord fails." *First National Bank of Arkansas City* v. *Leech,* 36 C. C. A. 262 (94 Fed. 310).

See, also, *Brown* v. *Spofford,* 95 U. S. 474, 484, and *Shubert* v. *Rosenberger,* 123 C. C. A. 256 (204 Fed. 934, 45 L. R. A. [N. S.] 1062).

Appellant rightly points out that incident to the settlement agreement there is no claim of fraud, mistake or duress. He further urges that the settlement agreement amounted no more than to bringing about between these parties an account stated and that time of payment was not of the essence of the settlement agreement. We are not in accord with the contention that the settlement agreement amounted to no more than an account stated and that an agreed time for payment was not of the essence of the agreement.

In controversies of this character the problem is the interpretation to be given the compromise settlement agreement of the parties. In *Belrose* v. *Kanitz,* 284 Mich. 497, it was said:

"The distinction between an agreement which is, *per se,* to satisfy and extinguish an existing debt, and an agreement, the performance of which is to have that effect, must not be overlooked. The former operates as an immediate satisfaction of the debt; the latter, only when performed. *White* v. *Gray,* 68 Me. 579."

In *Henderson* v. *McRae,* 148 Mich. 324, this court said:

"In matters of accord and satisfaction, there is a well-defined and easily-recognized distinction between two classes of agreements:

"1. Where the agreement of the creditor is to accept the performance of the debtor's new promise or agreement in satisfaction of the demand.

"2. Where such promise or agreement itself, based upon sufficient consideration, is accepted in satisfaction of the demand. 2 Chitty on Contracts (11th Am. Ed.), p. 1124.

"And in this class of cases it must clearly appear that the intention of the party was to accept such promise, and not the performance, in satisfaction of the original demand. In the first class of cases the accord must be fully executed to bar an action on the original demand. 1 Cyc. p. 312, and cases cited. In the second class the original demand is extinguished, and cannot be the foundation of an action."

In the first class stated above, the promise of the creditor is to discharge the old debt when the debtor's new promise is performed. When the debtor fails to perform his new promise, or is materially in default, the creditor need not perform his promise to discharge the old debt, but may

rescind the compromise agreement and sue on the original obligation. The presumption is that the parties intended that the old debt not be discharged until the debtor's new promise be performed. *Breitung* v. *Lindauer,* 37 Mich. 217; *Henderson* v. *McRae, supra; Stadler* v. *Ciprian, supra.*

On this record we must affirm the determination of the circuit judge that the agreed time for payment was as asserted by plaintiff, and that the agreed time of payment in the compromise settlement between these parties was of the essence of their agreement. There is nothing in this record to indicate that a present discharge of the old debt was intended at the time the compromise agreement was made. There was no error in the trial court's holding that defendant's neglect to pay at the agreed time was a material breach of the compromise agreement.

The judgment entered in the circuit court is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.