WILLIAMS v SLAZINSKI

1. ACCORD AND SATISFACTION—CONTRACTS—CONSIDERATION—EXTINGUISHMENT OF DEMAND—FOUNDATION OF FURTHER ACTION.

Acceptance of a promise or agreement in satisfaction of a demand where based upon sufficient consideration extinguishes the original demand, and the original demand cannot be the foundation of an action.

2. ACCORD AND SATISFACTION—CONTRACTS—CONSIDERATION—EXTINGUISHMENT OF DEMAND—TORTS—FOUNDATION OF FURTHER ACTION—AFFIRMATIVE DEFENSES—BREACH OF CONTRACT.

An agreement between parties which released and discharged defendant and her insurance company from tort liability in return for certain monies and the promise of future payments extinguished the original demand and eliminated it as the foundation of a tort action, where nothing on the record indicates that the parties to the contract intended it to operate in any other manner; the release agreement operated as a valid affirmative defense to plaintiff's action in tort, and plaintiff's remedy was in contract for breach of the settlement agreement, not in tort for the underlying claim.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 May 15, 1974, at Detroit. (Docket No. 17298.) Decided August 27, 1974.

Complaint in the Common Pleas Court of Detroit by Naomi Williams against Rose Slazinski for damages for personal injuries received in a pedestrian-automobile accident. Verdict and judgment for plaintiff. Defendant appealed to circuit court.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur 2d, Accord and Satisfaction §§ 51, 52.
[2] 1 Am Jur 2d, Accord and Satisfaction § 5.
74 Am Jur 2d, Torts §§ 69, 85 *et seq.*

Affirmed. Defendant appeals on leave granted. Reversed.

*Kenneth M. Davies, P. C.,* for plaintiff.

*Rouse, Selby, Dickinson, Pike & Mourad* (by *David J. Lanctot),* for defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

V. J. BRENNAN, P. J. On or about August 5, 1969, plaintiff, Naomi Williams, was injured when she was allegedly struck by an automobile driven by defendant, Rose Slazinski. According to plaintiff, defendant's automobile ran over her foot and knocked her down. Defendant denied liability, however, and maintained that her car did not even touch plaintiff. Approximately two weeks after the alleged accident occurred, defendant's insurer entered into a settlement agreement with plaintiff whereby plaintiff released and discharged defendant and her insurance company from all claims growing out of the accident in return for the payment of $50 for known medical expenses, $307.03 for lost wages and $300 for pain and suffering and for defendant's insurance company's promise to pay $20.24 for each day of "continuous and necessary confinement indoors due to injury" caused by the accident and its promise to pay all reasonable medical and hospital expenses, up to $5,000, incurred within one year of the settlement and caused by the accident. Plaintiff was given a check by defendant's insurer for $657.03 and this check was duly cashed.

In September, 1969, plaintiff submitted a hospi-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tal bill to defendant's insurer for $1,400. Plaintiff contended that the bills were for back injuries suffered as a result of the accident. Defendant's insurer, however, felt that most of the medical bills related to a previous accident and various pre-existing physical ailments and, therefore, refused to pay the bills until their relationship to the accident was verified.

Plaintiff never supplied the requested verification information, but, instead, instituted the present negligence action against defendant in the Common Pleas Court of the City of Detroit. Defendant answered plaintiff's complaint by way of general denial and set up the release as an affirmative defense. Plaintiff responded contending that the release was invalid because she did not, at the time of its execution, fully understand its terms. Defendant filed a motion for accelerated judgment based on the release but her motion in this regard was denied.

On the day trial was to begin defendant moved for separate trials on the questions of tort liability and validity of the release. Defendant's purpose in requesting separate trials on these issues was to prevent the mentioning of insurance in the tort action. See MCLA 500.3030; MSA 24.13030. This motion was also denied and the cause proceeded to trial.

In addition to claiming the release agreement to be invalid, plaintiff's position at trial was that the failure of defendant's insurer to pay the $1,400 upon presentation of the hospital bills constituted a breach of the terms of the release agreement thereby giving her the right to sue either on the contract or for the underlying liability. Specifically, plaintiff maintained that defendant's alleged breach was sufficient to permit her to sue defend-

ant in tort, despite the release agreement, for negligently running over her foot and knocking her down thereby causing injury. Defendant, on the other hand, maintained that if the release was valid, then plaintiff's sole remedy was to sue in contract for breach of the release agreement. In furtherance of this position, defendant requested the trial judge to instruct the jury that if they found the release to be valid, their verdict should be no cause for action. The trial court refused to give the requested instruction and instructed the jury, instead, that if they found the release valid, but subsequently breached, they could award plaintiff damages in tort.

The jury found the release valid, but breached, and awarded plaintiff $5,000.00 damages. Defendant filed a motion for new trial which was denied on March 29, 1972, and the judgment of the Common Pleas Court was affirmed by the Wayne County Circuit Court on January 9, 1973. It is from this decision that defendant now appeals upon leave granted.

Although several issues are presented by defendant for our consideration, we find it necessary to reach only one.

Defendant claims the trial court erred in failing to give his requested instruction. We agree. In *Henderson v McRae,* 148 Mich 324, 327–328; 111 NW 1057 (1907), our Supreme Court stated:

"In matters of accord and satisfaction, there is a well defined and easily recognized distinction between two classes of agreements:

"1. Where the agreement of the creditor is to accept the performance of the debtor's new promise or agreement in satisfaction of the demand.

"2. Where such promise or agreement itself, based upon sufficient consideration, is accepted in satisfaction

of the demand. 2 Chitty on Contracts (11th Am Ed), p 1124.

"And in this class of cases it must clearly appear that the intention of the party was to accept such promise, and not the performance, in satisfaction of the original demand. In the first class of cases the accord must be fully executed to bar an action on the original demand. 1 Cyc p 312, and cases cited. In the second class the original demand is extinguished, and cannot be the foundation of an action."

See *Fricke v Forbes,* 294 Mich 375; 293 NW 686 (1940); *Belrose v Kanitz,* 284 Mich 497; 280 NW 33 (1938). See also *Hoffman v Burkhammer,* 373 Mich 187; 128 NW2d 503 (1964).

In the case at bar the agreement between the parties released and discharged Rose R. Slazinski and her insurance company "of and from all actions, causes of action, claims and demands on account of, or in any way growing out of" the alleged accident in consideration for the "payment" of $675 and for the "promise of payment" for days of continuous confinement and hospital and medical bills caused by the accident. The language of the contract is clear. In return for the *payment* of a certain sum of money *and* the *promise of future payments,* plaintiff released and discharged defendant from all claims or causes of action arising out of the alleged accident. This clearly brings the contract before us into the second class of agreements recognized in *Henderson v McRae, supra.* Here the payment of money and the promise of payment, by the terms of the contract, was accepted in satisfaction of the demand thereby extinguishing the original demand and eliminating it as the foundation of a tort action. Nothing on the record indicates that the parties to this contract intended it to operate in any other manner. This being the case, it is clear

that the release agreement operated as a valid affirmative defense to plaintiff's action in tort. See *Belrose v Kanitz, supra.* Plaintiff's remedy was in contract for breach of the settlement agreement, not in tort for the underlying claim. It is clear, therefore, that, under the facts of this case, the trial court erred in failing to give the instructions requested by defendant or instructions of similar import. We therefore reverse the decisions of the lower courts and order the entry of a judgment of no cause for action in favor of defendant, but without prejudice to plaintiff's right to maintain an action in contract.

Reversed.

All concurred.