## JOHN LEESON v. HUMPHREY B. ANDERSON.

*Accord and satisfaction—Part payment—Agreement to discharge debtor—Consideration—Action to recover balance—Tender.*

| 99 | 247 |
| 126 | 118 |
| 99 | 247 |
| 139 | ¹165 |

1. A debtor, in paying a portion, only, of the debt, when he is bound to pay the whole, furnishes no consideration for a promise by the creditor to discharge him, and such payment is treated in law as a payment *pro tanto* only.[1]
2. The creditor need not, before bringing suit for the portion of the debt remaining unpaid, tender back the amount received, and thus repudiate the settlement.

Error to Grand Traverse. (Ramsdell, J.) Submitted on briefs February 14, 1894. Decided March 6, 1894.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered in this Court for appellant. The facts are stated in the opinion.

*Sawyer & Bishop,* for appellant.

*Pratt & Davis,* for defendant.

MONTGOMERY, J. This case presents the question of whether the acceptance, by the holder of a promissory note past due, of a less sum than the face of the note, with an agreement to discharge the debt, operates to release

———————

[1] See *Widiman v. Brown,* 83 Mich. 241; *Ladd v. Brown,* 94 Id. 136.

fully the debtor. We are constrained to hold that it does not. The debtor, in paying a portion, only, of the debt, when he is bound to pay the whole, furnishes no consideration for a promise by the creditor to discharge him, and such payment is treated in law as a payment *pro tanto* only. See 2 Daniel, Neg. Inst. § 1289, and cases cited. See, also, *Harrison v. Close*, 2 Johns. 448; *Ryan v. Ward*, 48 N. Y. 206; *Bridge Co. v. Murphy*, 13 Kan. 40; *Smith v. Schulenberg*, 34 Wis. 47; *Wheeler v. Wheeler*, 11 Vt. 66; *Bailey v. Day*, 26 Me. 88; *Bright v. Coffman*, 15 Ind. 371; *Headley v. Hackley*, 50 Mich. 44, 45. And see note to *Cumber v. Wane*, 1 Smith, Lead. Cas. (8th Amer. ed.) 635 *et seq.* The result is different if payment is made in compromise of a claim over which there is an honest dispute, or by general composition with creditors, or if the payment be in something other than money.

It was contended in the present case that, before suit was brought for the portion remaining unpaid, the plaintiff should have tendered back the amount received, and thus repudiated the settlement; and defendant's counsel cite *Pangborn v. Insurance Co.*, 67 Mich. 683, as sustaining this contention. But in that case the plaintiff's only ground for setting aside the settlement was that it was effected by fraud. If there had been no fraud, the settlement was admittedly valid, and effectual to discharge the debt. Such was also the case in *Jewett v. Petit*, 4 Mich. 508. The settlement, but for the alleged fraud, was good and valid, and it was held that the plaintiff was bound to rescind this transaction before he could treat it as a nullity. But such is not the case here. No fraud was practiced. The defendant has simply failed to pay the amount which he owed, and, under the authorities cited, this was payment *pro tanto*, leaving the remainder unpaid. The defendant, by paying a portion of his indebtedness, has not been induced to part with any money which, by the

obligation of his contract, he was not bound to pay; and the payment which he has made is ineffectual to discharge wholly plaintiff's claim, because it was not sufficient in amount, and because the plaintiff's agreement to release the defendant was not upon any valid consideration, and hence the relations of the parties are the same as though such agreement had not been made.

We do not overlook the several objections to the proceedings which are taken by defendant's counsel, but there were findings of fact and law, and a general exception, which, with the error assigned upon such findings, is sufficient to raise the question of whether the findings support the judgment. The conclusion of law stated by the trial judge was that—

"The parties had a right to compromise the debt, and that the plaintiff had a right to take less than the face of the claim upon condition of a payment of part of the same; and, if he did so, that was a sufficient consideration to make the compromise valid and binding."

This conclusion of law was necessary to support the judgment, and, being at variance with the views of this Court, as herein expressed, it follows that the judgment below should be reversed, and a judgment entered in this Court for the amount remaining due, $349, with interest from December 9, 1892, together with the costs of both courts.

The other Justices concurred.