SAMUEL D. WHITNEY v. MARTIN BAYER AND WILLIAM D. FOX.

*Res judicata—Verdict—Special findings.*

1. The only exceptions to the general rule that a verdict cannot operate as an estoppel until it has received the sanction of the court are where the parties have agreed to abide by a verdict, or where the statute makes the verdict conclusive, leaving with the court no control over the action of a jury.

2. The answers of a jury to special questions submitted to them

are not *res judicatae* as to the facts found on the trial of a second suit brought for the same cause of action, where judgment was entered in favor of the defendants in the first suit on 'the ground that, as shown by said findings, the suit was prematurely brought, and that the answers to said special questions were inconsistent with the general verdict.[1]

So held, where the plaintiff sued to recover one-half of the profits realized by the defendants on a sale of real estate to a customer whom plaintiff claimed to have furnished, and on the trial the defendants contended that plaintiff was to receive a less percentage of the profits, and the jury, in answer to special questions submitted to them, found that the agreement as to a division of the profits was as claimed by the plaintiff, but that the defendants had not received the profits when the suit was commenced, and rendered a general verdict for the plaintiff for the amount claimed; and the court, on motion of the defendants for a judgment *non obstante veredicto* on the ground that the suit was prematurely brought, and that the answers to the special questions were inconsistent with the general verdict, entered a judgment that the plaintiff take nothing by his said suit, and that the defendants go thereof without day, and that they recover their costs, etc.

Error to Wayne.    (Hosmer, J.)    Submitted on briefs April 25, 1894.    Decided June 16, 1894.

*Assumpsit.*    Defendants bring error.    Reversed.    The facts are stated in the opinion.

*Malcolm McGregor,* for appellant.

*W. W. Chapin,* for plaintiff.

MONTGOMERY, J.    Plaintiff brought an action of *assumpsit* against the defendants, claiming to be entitled to one-half the profits which defendants had realized on the sale of certain real estate to a customer whom plaintiff claims to have furnished.    The amount of the commission realized by defendants was $500, but the defendants' contention

---

[1] For cases bearing upon the submission of special questions to the jury, see *Cousins v. Railway Co.,* 96 Mich. 386, and note; *Brassel v. Railway Co.,* 101 Id. 5.

was that the agreement under which plaintiff furnished the customer was that he was to receive one-half of a 2 per cent. commission, and that he had been fully paid. On the trial the jury was impaneled, and, in answer to special questions, found that there was an agreement on the part of defendants to pay plaintiff one-half of the profits, and negatived the claim of defendants that the agreement was to pay one-half of a 2 per cent. commission; but the jury also found that the defendants had not received the profits at the time of the commencement of the suit.   The court thereupon entered a judgment *veredicto non obstante* in favor of the defendants, and on the ground that the suit was prematurely brought.   Plaintiff waited until the defendants collected the commission of their principal, and then instituted the present suit, and recovered the amount of one-half of the commission earned. The circuit judge, on the trial of the present case, instructed the jury that the question of whether defendants promised plaintiff one-half the amount realized by them was determined by the former verdict.   Error is assigned upon this instruction, and this presents the sole question for our consideration, viz., whether the special findings of the jury on the first trial are *res judicatae*.

It is a general rule that a verdict cannot operate as an estoppel until it has received the sanction of the court. *Duchess of Kingston's Case,* 2 Smith, Lead. Cas. (8th Amer. ed.) 962; 2 Black, Judgm. § 682, and cases cited; *Hawks v. Truesdell,* 99 Mass. 557; *McGinnis v. Bridge Co.,* 49 Mich. 466.   The only exceptions we have found to this rule are where the parties have agreed to abide by a verdict, or where the statute makes the verdict conclusive, leaving with the court no control over the action of the jury.   Obviously neither of these exceptions applies here. It will be noted that the judgment entered on the verdict was not based upon the finding of the contract to pay one-

half the profits. That determination was in no way essential to the question upon which the judgment turned, viz., whether the same was due or not. It will also be noted that the defendants had no opportunity to review that part of the verdict. The determination of the jury that the amount agreed upon was not yet due was sufficient to defeat plaintiff's action, and defendants were not bound to, and indeed could not, appeal from a decision in their own favor.

The case of *Smith v. McCool*, 16 Wall. 560, is, in principle, like the case under consideration. In that case the plaintiff recovered a verdict and judgment. The case was taken to the Supreme Court, and the judgment reversed, and cause remanded, with directions to enter judgment for defendant, on the ground that the plaintiff had no title *at the time the suit was commenced.* There were, however, special findings, as there were in this case, and plaintiff in a second suit sought to rely upon the special findings. The Court, by Mr. Justice Swayne, answered the contention as follows:

"It is true this Court ordered a judgment to be entered upon it [the special verdict] in favor of the defendant, but that was not upon the ground that the verdict showed title in the defendant, but because it showed there was none in the plaintiff. The judgment for the defendant followed as a matter of course. It was, in effect, a judgment *veredicto non obstante,* or of nonsuit. Instead of giving the findings its sanction, and resting upon them as its foundation, the judgment denied their efficacy, and repelled them as immaterial.     *     *     *     *     *     *

"Under the circumstances, we think the special verdict, and the proceeding upon it in the case in which the verdict was rendered, may be regarded as not unlike a demurrer to evidence. In such cases there is an admission of record of all the facts proved, of those which the evidence tends to prove, and of those which may be fairly inferred from it. The party demurring relies upon the law arising upon the facts thus presented. The facts so spread on the record are never evidence for or against either party in

another suit. Here the special verdict performed the same office as such a demurrer. The defendant's counsel insisted upon the legal proposition—ultimately sustained by this Court—that, conceding the facts to be as found, the plaintiff was not entitled to recover in that action. He may well have been, and doubtless was, less careful to introduce his full evidence, and to contest the facts found, including the one which the verdict was offered in this case to prove, than he would have been but for the confident assurance that they were all immaterial in respect to the judgment to be given, which he claimed must be in favor of his client."

This reasoning applies with peculiar force to the present case, in which the defendants may well have felt a confident assurance that no judgment could, under any circumstances or under any finding of the jury, be rendered against them, as, whatever the bargain between the parties may have been, the claim was not yet due. The direction of the trial judge was error.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.