BURR'S DAMASCUS TOOL WORKS *v.* PENINSULAR TOOL
MANUFACTURING CO.

1. APPEAL AND ERROR — RECORD — MATTERS TO BE SHOWN — OB-
JECTIONS.
Where the record on error fails to show that any motion was
made in respect to a plea setting up a prior discontinuance, or
that the subject was in anywise brought to the attention of
the trial court, or any exception taken thereon, this court
will conclude that the case was a pending suit, recognized
by the parties who proceeded to try the merits without objec-
tion.

2. ACCORD AND SATISFACTION—DEFENSE—SUFFICIENCY.
An accord cannot be made a successful defense unless fully per-
formed.

3. LIBEL AND SLANDER — ACTIONABLE WORDS — WORDS LIBELOUS
PER SE.
Circulars containing false statements and charging plaintiff
with false statements and malicious motives, and unscrupu-
lous attempts to injure defendant's business, and with bad
faith, fraud, and deceit, are libelous per se.

4. SAME—PRIVILEGE.
Where plaintiff and defendant were rival tool manufacturers
defendant's relations with the trade were not such as to make
privileged circulars falsely charging plaintiff with false state-
ments, malicious motives, and unscrupulous attempts to in-
jure defendant's business, and with bad faith, fraud, and
deceit.

5. SAME—DAMAGES—PLEADING.
Recovery may be had for words libelous per se without an al-
legation of special damages.

Error to Wayne; Brooke, J. Submitted December 8,
1905. (Docket No. 169.) Decided December 22, 1905.

Case by Burr's Damascus Tool Works against the Pen-
insular Tool Manufacturing Company and others for
libel. There was judgment for plaintiff, and defendants
bring error. Affirmed.

142 MICH.—27.

*Charles C. Stewart,* for appellants.

*J. Emmet Sullivan* and *Raymond E. Van Syckle,* for appellee.

HOOKER, J.   The parties to this action were rival manufacturers of molder's tools, and both claimed the right to the use of the name "Burr" in connection with their products.   The matter was tried out in a chancery cause, commenced by the defendant in this case, which resulted in a decree being rendered in behalf of the defendant in that case, plaintiff here.   Thereupon plaintiff addressed a circular to its patrons and the public, informing them that a decree had been granted, giving it the sole right to use the names "Burr" and "Burr's Damascus," and warning against tools so marked by others.   The circular contained a copy of the decree.   The defendant company thereafter issued two circulars, which are the basis for this action of libel, and took steps looking to the appeal from said decree.

This cause came on for trial before defendant company's appeal was perfected, and after the jury was impaneled, the parties agreed upon terms of settlement, which were taken by the stenographer, being stated by the circuit judge in open court.   After a recital of the substance of the facts hereinbefore set forth, it provided:

1. That the decree should stand, and that the proceedings to vacate the same or to appeal therefrom should be discontinued, and that no appeal should be taken from said decree.

2. The right was reserved to the complainants to institute a suit for damages arising out of the use of the words "Burr" or "Burr's Damascus" and "Burr's Damascus Tool Works," provided that defendants might interpose as an affirmative defense their claim of the right during said time to use said terms notwithstanding the decree.

3. That defendant should send out to the trade, a circular, containing a copy of the decree, and other matter stated in the stipulation, and, farther—

"In consideration of the foregoing, it is hereby agreed that this suit now pending and in progress of trial in open court, be discontinued without cost to either party.

" Both parties agree to the above, and the court called in the jury and dismissed the case. Any question as to the terms of this agreement or its construction shall be determined by the court by consent of both parties."

This was on June 17, 1904.

At that time there was pending in the Supreme Court an application by the defendant company for a mandamus to compel the circuit court to vacate the decree. The defendant company did not discontinue the proceeding last mentioned, and it was afterwards decided, the application being denied. A controversy arose over the number of circulars to be sent by the defendant, and it was taken before the court, and the number was fixed by the court. It was claimed that this order was not complied with, and on February 13, 1905, the following order was made:

" In this cause, a motion having been made heretofore to set aside the settlement of this suit and reinstate the same for trial, and it appearing to this court that the plaintiff have not received the consideration agreed upon and contemplated in the proposed settlement of June 17, 1904, and that the defendants refused to carry the things by them to be done, it is ordered, on motion of J. Emmet Sullivan and Raymond E. Van Syckle, attorneys for plaintiff, that the settlement provided for in this suit when it came on for trial on the 17th day of June, 1904, be set aside and held for naught, and that this cause be reinstated, and may be placed upon the docket for trial by plaintiff to be tried as early as the business of this court may permit."

On March 10, 1905, the jury was impaneled, and thereupon a plea was filed setting up the settlement, and claiming that the action was thereby extinguished. The calendar entries refer to it as a plea puis darrein continuance. Defendants' counsel state that before the jury was impaneled further proceedings were objected to upon the ground that there was no such case in court; the same having been been discontinued. Our attention has not been called to such objection, and we fail to find it in the record. It is denied by plaintiff's counsel. A copy of the plea referred to does not appear in the record, but we treat

the case as though it did, and assume that a valid plea was filed but without leave of the court. The stipulation was offered in evidence and also the subsequent order of the court.

Counsel for the plaintiff contend that the point under discussion was raised for the first time in this court, that the plea was merely an attempt to give notice that the settlement of June 17 would be given in evidence under the general issue. No motion based thereon, or action of the court appears in the record, nor is there any indication that the subject was brought to the attention of the court, nor was any exception taken. So far as we can discover, this is a correct statement. We must therefore conclude that the case was a pending suit, recognized as such by the parties who proceeded to try the merits without objection.

Under the plea, if it may be treated as a plea of accord and satisfaction, the jury heard the evidence. Not only was the order attempting to vacate the settlement shown, but the testimony warranted a finding that it was not carried out by the defendant. It is the general and well-settled rule that an accord cannot be made a successful defense unless fully performed. It is not pretended that this was fully performed. We do not overlook a few cases which distinguish instances where the agreement shows the making of a new executory contract, upon the understanding that it is itself made in satisfaction and extinguishment of the plaintiff's original claim. We think that this is not such a case, as there is nothing that indicates such intention. For that rule see the following cases: *Coit* v. *Houston*, 3 Johns. Cas. (N. Y.) 243, and note; *Babcock* v. *Hawkins*, 23 Vt. 563; *White* v. *Gray*, 68 Me. 579; *Zucca* v. *Kuhne*, 84 N. Y. Supp. 181; *Headley* v. *Leavitt*, 65 N. J. Eq. 748; *Hosler* v. *Hursh*, 151 Pa. 422; *Flegal* v. *Hoover*, 156 Pa. 276. See, also, 1 Cyc., p. 312, and cases cited; *Browning* v. *Crouse*, 43 Mich. 489.

The circulars alleged to be libelous contained false state-

ments, and charged the plaintiff with false statements and malicious motives, and unscrupulous attempts to injure the defendants' business, and with bad faith, fraud, and deceit. We are constrained to hold that each count charged statements libelous per se, and, if untruthful and malicious, they were not privileged. Moreover, defendants' relations with the trade were not such as to make privileged communications of the character sent out, being untrue. Whether the articles were true or not was a question of fact for the jury, if disputed; otherwise, for the court. Their falsity was conclusively shown.

We cannot sustain the claim that the libelous matter was limited to defamation of plaintiff's title to a trademark. It extended to its business character and methods, its honesty and fair dealing, and, as we have already said, the articles were libelous per se, and therefore a recovery might be had, although special damages had not been alleged. We find such allegations, however, in both counts, and there was testimony tending to prove such damages. See *Steketee* v. *Kimm*, 48 Mich. 324.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.