KALLAS v. LINCOLN MUTUAL CASUALTY CO.

1. INSURANCE—AUTOMOBILES—LIABILITY POLICY—COVENANT NOT TO SUE.

Under provisions of automobile public liability insurance policy as to liability and defense of suits and covenant not to sue insurer obtained from injured party, the insurer had an obligation to save the insured harmless to the extent therein mentioned.

2. RELEASE—COVENANT NOT TO SUE—REDUCTION OF JUDGMENT.

A covenant not to sue an insurer of one liable for a tort may be used to reduce a judgment the injured party might obtain against the insured.

3. INSURANCE—COVENANT NOT TO SUE—REDUCTION OF JUDGMENT.

An insurer under an automobile public liability policy who had obtained a covenant not to sue it from the injured party had

the duty of informing the court of the covenant and obtaining reduction from the judgment on the verdict by the amount expressed in the covenant, when a verdict was rendered for plaintiff in action against the insured.

4. SAME—TORTS—SETTLEMENT WITHOUT INSURED'S CONSENT.

An insurer of one of several parties liable jointly for a tort may recognize and settle its limited liability without consent of the insured and save the injured party's right of action, if any, against the insured or other person liable (Act No. 303, § 2, Pub. Acts 1941).

5. SAME—COVENANT NOT TO SUE—REDUCTION OF JUDGMENT NUNC PRO TUNC.

In action by insured tortfeasor against whom a judgment in the sum of $6,400 had been obtained after his insurer had obtained a covenant not to sue it from the plaintiff therein, which covenant recited a release of $2,500, the maximum amount for which insurer could be held liable, against his insurer for face amount of policy, interest and costs taxed in action by injured party, insurer which had not obtained reduction of judgment against insured by amount of its covenant is permitted a reasonable time within which to make it operative *nunc pro tunc* as of the date of the judgment against insured.

6. COSTS—INSURANCE—COVENANT NOT TO SUE.

Costs in action against insured tortfeasor are not allowed plaintiff in action against insurer where latter obtained, before injured party sued insured, a covenant not to sue insurer, coupled with agreement that payment thereunder might reduce judgment by the full extent of insurer's liability.

7. SAME—INSURANCE—COVENANT NOT TO SUE—REDUCTION OF JUDGMENT.

Costs on appeal are allowed insured tortfeasor in his action against insurer which had obtained an injured party's covenant not to sue it before action was brought by the injured party against insured but failed to obtain reduction of judgment in amount of covenant, whether or not condition of reversal of judgment for plaintiff herein is fulfilled.

Appeal from Wayne; Miles (Fred T.), J., presiding. Submitted June 13, 1944. (Docket No. 55, Calendar No. 42,775.) Decided October 11, 1944. Rehearing denied June 6, 1945.

Assumpsit by John Kallas against Lincoln Mutual Casualty Company, a Michigan corporation, on a casualty insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Reversed conditionally.

*Bernard E. Konopka,* for plaintiff.

*Stewart A. Ricard,* for defendant.

WIEST, J. Plaintiff John Kallas owned an automobile and carried a public liability insurance policy, issued by defendant company to the amount of $2,500. He leased the automobile to one Wilson to be used as a taxicab and, February 5, 1939, the automobile, while being so used by Wilson and driven by his employee, ran a red light and struck and injured three young children of Stephen Brown, one of whom died from his injuries two days later. An adjuster of the insurance company investigated the matter and, being of the opinion that the company was liable, opened negotiations with Mr. Brown toward settlement of the company's liability. The negotiations resulted in payment of $2,250 in full satisfaction of any claims against the company, reserving, however, to Mr. Brown a right of action against Kallas for damages, if any. Mr. Brown, as administrator of the estate of his deceased son, brought action against Mr. Kallas and on October 18, 1940, recovered judgment for $6,400, upon which a body execution was issued against Mr. Kallas, and he was confined in the Wayne county jail for about two weeks. Later Mr. Kallas brought this suit for damages against the insurance company, claiming right to recover the amount of the insurance and have damages for his arrest and imprisonment, claiming he never consented to the adjustment between the insurance company and Mr. Brown and that the insur-

ance company did not defend him as provided in the policy. Upon trial, by jury, plaintiff was awarded the sum of $2,904.56, being the amount of the insurance, with interest and costs of $94, taxed in the Brown action.

In the adjustment with Mr. Brown the insurance company claims it sought to save plaintiff from suit, but Mr. Brown reserved the right to bring suit against plaintiff and the orders of the probate court authorized him to accept the offer of the insurance company.

Mr. Kallas did not appeal from the judgment against him in the action brought by Mr. Brown, nor was the public liability insurance amount deducted from the verdict and judgment thereon.

The insurance company, claiming errors in rulings, charge of the court, and denial of judgment *non obstante veredicto* and for a new trial, appeals.

In the adjustment between the insurance company and Mr. Brown it was considered that it would entail litigation of two years to adjudicate the liability of Mr. Kallas and the company and, therefore, the present worth of $2,500 for that period was fixed at the sum of $2,250.

The trial judge left to the jury the issue of fact as to whether Kallas consented to the adjustment with Mr. Brown and the jury found he did not.

Mr. Brown was appointed, by the probate court, guardian for his two injured daughters and administrator of the estate of his deceased son, and as such executed and delivered to defendant herein the following covenant, which was in accord with previous settlement agreements between defendant and Mr. Brown and in accord with probate court authorization.

"Covenant not to sue"

"For and in consideration of the payment of $1,950 to the estate of Raymond Brown, deceased, by

Stephen David Brown, administrator, and the sum of $100 to the estate of Virginia Brown by Stephen David Brown, guardian, and the sum of $200 to the estate of Luella Mae Brown by Stephen David Brown, guardian, receipt of which sums is hereby confessed and acknowledged by each of the said estates and by the administrator and guardian thereof, Stephen David Brown, each of the said estates by the said administrator and guardian, jointly and severally, hereby agree not to sue or attach in law or in equity the Lincoln Mutual Casualty Company, a Michigan corporation, by reason of a certain policy of insurance number 28061 pertaining to an automobile collision which occurred on or about the 5th day of February, A. D. 1939, at or near the intersection of Windemere avenue and Woodward avenue in the city of Highland Park, Michigan.

"It is a further condition that all the above said estates jointly and severally agree through the said administrator and guardian, Stephen David Brown, that should any litigation be instituted by them against the parties said to be responsible for the said collision, namely, John Kallas, Arthur Schram, and Charles Wilson, jointly or severally, and that thereafter if judgment be obtained against any or all of the last three mentioned, that then this instrument may be filed in any such suit or combination of such suits to operate as a satisfaction of judgment to the extent of $2,500, and to completely satisfy in full any further claims against said policy of insurance and the said Lincoln Mutual Casualty Company.

"Estate of Raymond Brown, deceased,
By (signed) STEPHEN DAVID BROWN,
Administrator.

"Estate of Virginia Brown, a minor
By (signed) STEPHEN DAVID BROWN,
Guardian.

"Estate of Luella Mae Brown, a minor
By (signed) STEPHEN DAVID BROWN,
Guardian.

"Dated: 3/23/39."

Defendant claims it was led to negotiate the settlement of its insurance liability because satisfied that Mr. Kallas had no defense and Mr. Brown was much in need of money. We notice, however, that the expressed pity for Mr. Brown did not prevent defendant from reducing its liability to the extent of $250.

The insurance policy required the company—"To investigate all accidents and to defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, covered by this policy, whether groundless or not, for damages suffered or alleged to have been suffered on account of the bodily injuries or death or the damage to or the destruction of property. To pay all costs taxed against the assured in any legal procedure defended by the company in accordance with the foregoing agreement."

At the trial of the Brown case an attorney for the insurance company was present but just what activity he exercised is not apparent. Under the insurance contract it was the obligation of defendant, to save plaintiff harmless to the extent of $2,500, by virtue of Mr. Brown's covenant that the payment to him could be used to reduce any judgment he might obtain against Mr. Kallas.

When the verdict was rendered and before judgment was entered thereon it was the duty of defendant to inform the court of the provisions of the covenant and to ask reduction of $2,500 from the judgment on the verdict. This was not done and the judgment for $6,400 was entered and still stands against plaintiff, with interest on the full amount accumulating thereon.

Plaintiff has not paid any part of the $6,400 judgment and apparently no part thereof can be collected from him. It is simple justice that the amount of $2,500 be remitted from the $6,400 judgment if that can now be accomplished. Court Rule No. 72, § 1 (g)

(1933), enables this court, upon appeal, to "give any judgment and make any order which ought to have been given or made, and make such other and further orders' and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

In the Brown case defendant failed to protect itself or the insured by introducing the covenant given by Mr. Brown and thereby reducing Mr. Brown's judgment against Mr. Kallas by $2,500. Before the covenant of Mr. Brown was executed defendant was jointly liable with plaintiff to the extent of $2,500. This joint but limited liability was by insurance contract and defendant could recognize and settle its liability without consent of plaintiff herein, saving, however, right of action by Mr. Brown, if any, against the other person liable. This is the rule, even as to joint tort-feasors. Act No. 303, § 2, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 14497b, Stat. Ann. 1943 Cum. Supp. § 27.1683 [2]).

Under the peculiar situation here disclosed plaintiff is entitled to have the $6,400 judgment in the Brown case reduced by the sum of $2,500, and final decision in the instant case is held in abeyance to give defendant an opportunity by remittitur from, or by proceeding against Mr. Brown, to accomplish such result and operative *nunc pro tunc* as of the date of the Brown judgment. This matter of grace must be accomplished by defendant within a reasonable time and, if not so done, plaintiff may move the court for vacation of the leave and affirmance of the judgment in the circuit court, modified, however, by elimination of the item of $94, costs and interest thereon in the Brown case. If the mentioned remittitur or reduction is seasonably filed and certified to this court by the clerk of the circuit court,

the judgment will be reversed, but in any event with costs of this court to plaintiff.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.