Juan C. RIOS, Appellant,

v.

Jessie Hubert DAVIS, Appellee.

No. 3847.

Court of Civil Appeals of Texas.

Eastland.

Nov. 22, 1963.

Rehearing Denied Dec. 20, 1963.

Potash, Cameron, Bernat & Studdard, Brewster & Hoy, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, El Paso, for appellee.

COLLINGS, Justice.

Juan C. Rios brought this suit against Jessie Hubert Davis in the District Court to recover damages in the sum of $17,500.-00, alleged to have been sustained as a result of personal injuries received on December 24, 1960, in an automobile collision. Plaintiff alleged that his injuries were proximately caused by negligence on the part of the defendant. The defendant answered alleging that Rios was guilty of contributory negligence. Also, among other defenses, the defendant urged a plea of res judicata and collateral estoppel based upon the findings and the judgment entered on December 17, 1962, in a suit between the same parties in the County Court at Law of El Paso County. The plea of res judicata was sustained and judgment was entered in favor of the defendant Jessie Hubert Davis. Juan C. Rios has appealed.

It is shown by the record that on April 11, 1961, Popular Dry Goods Company brought suit against appellee Davis in the El Paso County Court at Law, seeking to recover for damages to its truck in the sum of $443.97, alleged to have been sustained in the same collision here involved. Davis answered alleging contributory negligence on the part of Popular and joined appellant Juan C. Rios as a third party defendant and sought to recover from Rios $248.50, the alleged amount of damages to his automobile. The jury in the County Court at Law found that Popular Dry Goods Company and Rios were guilty of negligence proximately causing the collision. However, the jury also found that Davis was guilty of negligence proximately causing the collision, and judgment was entered in the County Court at Law denying Popular Dry Goods any recovery against Davis and denying Davis any recovery against Rios.

■ Appellant Rios in his third point contends that the District Court erred in sustaining appellee's plea of res judicata based upon the judgment of the County Court at Law because the findings on the issues regarding appellant's negligence and liability in the County Court at Law case were immaterial because the judgment entered in that case was in favor of appellant. We sustain this point. We are unable to agree with appellee's contention that the findings in the County Court at Law case that Rios was guilty of negligence in failing to keep a proper lookout and in driving on the left side of the roadway, and that such negligent acts were proximate causes of the accident were essential to the judgment entered therein. The sole basis for the judgment in the County Court at Law as between Rios and Davis was the findings concerning the negligence of Davis. The finding that Rios was negligent was not essential or material to the judgment and the judgment was not based thereon. On the contrary, the finding in the County Court at Law case that Rios was negligent proximately causing the accident would, if it had been controlling, led to a different result. Since the judgment was in favor

of Rios he had no right or opportunity to complain of or to appeal from the finding that he was guilty of such negligence even if such finding had been without any support whatever in the evidence. The right of appeal is from a judgment and not from a finding. The principles controlling the fact situation here involved are, in our opinion, stated in the following quoted authorities and cases. The annotation in 133 A.L.R. 840, page 850 states:

"According to the weight of authority, a finding of a particular fact is not res judicata in a subsequent action, where the finding not only was not essential to support the judgment, but was found in favor of the party against whom the judgment was rendered, and, if allowed to control, would have led to a result different from that actually reached."

In the case of Word v. Colley, Tex.Civ. App., 173 S.W. 629, at page 634 of its opinion (Error Ref.), the court stated as follows:

"It is the judgment, and not the verdict or the conclusions of fact, filed by a trial court which constitutes the estoppel, and a finding of fact by a jury or a court which does not become the basis or one of the grounds of the judgment rendered is not conclusive against either party to the suit."

In 2 Black on Judgments, p. 609, the author states the rule of estoppel by judgment as follows:

" 'The force of the estoppel resides in the judgment. It is not the finding of the court or the verdict of the jury rendered in an action which concludes the parties in subsequent litigation, but the judgment entered thereon.'

"The fact that the judgment in the suit in Cherokee county was in favor of defendants precluded them from bringing in review the findings of the judge, and we cannot believe that a party can be estopped by a judgment in his favor from denying findings of the court rendering said judgment the decision of which was not essential or material to the rendition of the judgment. Philipowski v. Spencer, 63 Tex. 607; Sheffield v. Goff, 65 Tex. 358; Manning v. Green, 56 Tex.Civ. App. 579, 121 S.W. 725; Whitney v. Bayer, 101 Mich. 151, 59 N.W. 415; Cauhape v. Parke, Davis & Co., 121 N.Y. 152, 24 N.E. 186; 23 Cyc. 1227, 1228."

The above quotation is quoted with approval by the Supreme Court of Texas in Permian Oil Company v. Smith, 129 Tex. 413, 73 S.W.2d 490 at page 500. See also Rushing v. Mayfield Company, Tex. Civ.App., 104 S.W.2d 619; Cambria v. Jeffery, 307 Mass. 49, 29 N.E.2d 555; Karameros v. Luther, 279 N.Y. 87, 17 N.E.2d 779.

We cannot agree with appellee's contention that Rio Bravo Oil Company v. Hebert, 130 Tex. 1, 106 S.W.2d 242, is contrary to and requires an adverse determination of appellant's third point. The language particularly relied upon by appellant in that case was as follows:

"Although the judgment of the court was, as we formerly held, only a denial of the right to recover the particular land there in controversy, its estoppel is much broader, and concludes the parties upon every question which was directly in issue, and was passed upon by the court in arriving at its judgment. * * *"

" * * * But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

For the reasons stated the court erred in entering judgment for Jessie Hubert Davis based upon his plea of res judicata and collateral estoppel. The judgment is, therefore, reversed and the cause is remanded.