ORTIZ v. TRAVELERS INSURANCE COMPANY.

1. FRAUDS, STATUTE OF—INSURER'S AGREEMENT OF COMPROMISE.

    Provision of statute of frauds requiring that a promise to pay
    the debt of another must be in writing may not be applied to
    defeat action on insurer's oral agreement of compromise of
    claim of plaintiff against insured within term of coverage of
    policy, since the compromise was not only of a potential obli-
    gation of the insured but also of insurer's own written obligation
    to pay and its own duty to defend the insured (CL 1948, § 566-
    .132).

2. APPEAL AND ERROR—SUMMARY JUDGMENT—PLEADING.

    Allegations of fact in complaint are accepted as true on appeal
    from order granting defendant's motion for summary judg-
    ment (GCR 1963, 117.2[1]).

3. JUDGMENT—SUMMARY JUDGMENT—PLEADING—ADJUSTER AS AGENT
    OF INSURER.

    Allegation in complaint on settlement agreement that insurer's
    adjuster was acting as agent of the insurer in effecting compro-
    mise agreement is accepted as true on appeal from order grant-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance §§ 189, 190.
    49 Am Jur, Statute of Frauds § 145.
[2–4] 4 Am Jur 2d, Appeal and Error § 104; 5 Am Jur 2d, Appeal
    and Error § 853.
    Right to appellate review of decision refusing motion for summary
    judgment. 103 ALR 1104.
[5] 1 Am Jur 2d, Accord and Satisfaction § 47.
[6] 29A Am Jur, Insurance § 1441.
[7] 22 Am Jur 2d Damages § 11.
[8, 9] 30A Am Jur, Judgments § 144 et seq.
[10] 30A Am Jur, Judgments §§ 150–154.
    Res judicata as affected by fact that former judgment was entered
    by agreement or consent. 2 ALR2d 514.
[11] 15 Am Jur 2d, Compromise and Settlement § 1.
[12] 30A Am Jur, Judgments § 990.
[13] 5 Am Jur 2d, Appeal and Error § 1014.

ing insurer's motion for summary judgment because "pleadings
* * * failed to disclose that plaintiff has any cause of action
against defendants" (GCR 1963, 117.2[1]).

4. SAME—SUMMARY JUDGMENT—PLEADING—INSURANCE—AUTHORITY
TO BIND INSURED.

Allegation that insurance adjuster was acting "on behalf of"
insured, set forth in complaint on settlement agreement *held,*
an insufficient allegation of agency or other authority to bind
the insured, when motion for summary judgment for failure to
state a cause of action was interposed, hence, summary judg-
ment was properly entered for the insured (GCR 1963, 117-
.2[1]).

5. ACCORD AND SATISFACTION—CONTRACT—ACTION.

An accord is a binding contract, but if it is repudiated or other-
wise breached by the obligor, the injured party may sue on
the original obligation or upon the accord at his election.

6. COMPROMISE AND SETTLEMENT—DISCLOSURE TO OTHER TORT-
FEASORS.

Injured party's duty of disclosure to defendant bottler or manu-
facturer of ginger ale, that settlement agreement had been
previously arrived at with insurer of grocer where loss of eye
occurred when ginger ale bottle exploded, was a duty, if one
existed, owed to the bottler that cannot inure to the benefit of
the grocer's insurer in action against it on the settlement agree-
ment it had made with plaintiff.

7. DAMAGES—ONE SATISFACTION FOR ONE INJURY.

One satisfaction for one injury is a rule that assumes that full
damages be given the injured party.

8. JUDGMENT—CONSENT JUDGMENT.

A consent judgment differs from the litigated judgment in that
the former is primarily the act of the parties rather than the
considered judgment of the court and cannot ordinarily be set
aside by the court without the consent of the parties.

9. SAME—CONSENT JUDGMENT FOLLOWING VERDICT—REMITTITUR.

A judgment entered for $25,000 without costs, following rendition
of verdict for $35,000 and costs, was a consent judgment, based
upon a meeting of the minds of the litigants rather than the
verdict of the jury, notwithstanding the verdict may have
loomed large in the minds of the parties during negotiations
for settlement, there being an agreement to remission of
$10,000 and costs.

10. Accord and Satisfaction—Consent Judgment Against Other Tort-Feasor.

> Plaintiff who lost an eye when bottle of ginger ale exploded and who thereafter effected a consent judgment against the manufacturer or bottler for $25,000 was not barred from recovery in action on previously made oral accord with defendant grocer's insurer by such judgment, since neither settlement may be said to be the measure of the single satisfaction to which plaintiff was limited.

11. Compromise and Settlement—Damages.

> A plaintiff's damages is but one of the many factors considered in making a settlement of an action for personal injuries.

12. Damages—Loss of Eye.

> It may not be said that $25,000 is the limit of recovery for the loss of an eye.

13. Costs—Neither Side Prevailing in Full.

> No costs are allowed in action against grocer's estate and his insurer on compromise agreement for loss of eye sustained when ginger ale bottle exploded, where summary judgment in favor of grocer's estate is affirmed, and summary judgment against his insurer who had effected the agreement is reversed, since neither side has fully prevailed.

Appeal from Wayne: Brennan (Thomas E.), J. Submitted Division 1 January 6, 1966, at Detroit. (Docket No. 774.)   Decided March 22, 1966.

Complaint by Asterio Ortiz against The Travelers Insurance Company, a Connecticut Corporation, and Louis Gach, administrator of the estate of Basil Gach, on a compromise settlement. Summary judgment for both defendants. Plaintiff appeals. Affirmed as to Gach estate. Reversed and remanded for trial as to Travelers Insurance Company.

*Robert W. Moss,* for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr (Samuel A. Garzia,* of counsel), for the defendants.

J. H. GILLIS, J.   On April 22, 1958, plaintiff was injured and ultimately suffered the loss of an eye when a bottle of Vernors ginger ale exploded in a grocery store owned by Basil Gach.[1]   Gach's liability to plaintiff, if any, was covered by insurance he carried with the defendant, The Travelers Insurance Company.

On December 18, 1958, Travelers, through one of its agents, in culmination of negotiations with plaintiff's attorney orally offered to compromise the plaintiff's claim for $5,184.[2]   This offer was accepted by a letter from plaintiff's attorney to Travelers two days later.   Subsequently, Travelers refused to honor its agreement despite plaintiff's demand.

On March 3, 1959, plaintiff sued Vernors for $150,000 for the injuries he sustained from the exploding bottle.   On June 8, 1961, after jury trial, plaintiff received a verdict for $35,000 with judgment reserved under the Empson act.[3]   Subsequently, plaintiff and Vernors negotiated an agreement that a consent judgment be entered for $25,000, without costs.   The judgment was entered and satisfied by Vernors.

On October 29, 1964, plaintiff sued Travelers and Gach's estate on the settlement agreement.   Defendants moved for summary judgment claiming that the complaint failed to state a cause of action. The ensuing briefs and oral arguments of the parties in the lower court delved into what effect plaintiff's recovery against Vernors had on his cause of action against Travelers and Gach's estate.   The court

---

[1] Gach has since died and this suit was instituted against the administrator of Gach's estate.

[2] Travelers Insurance Company also agreed to pay $1,000 under a medical payments provision which was due plaintiff without consideration of Gach's liability.   Plaintiff was paid the $1,000.

[3] CL 1948, § 691.691 et seq. (Stat Ann § 27.1461 et seq.), since repealed by PA 1961, No 236 (CLS 1961, § 600.9901 [Stat Ann 1962 Rev § 27A.9901]).   Equivalent provisions are now embodied in GCR 1963, 515.

granted defendants' motion and entered a judgment of no cause for action, from which plaintiff appeals.

### The Statute of Frauds.

Travelers asserted below, but not here, that the oral agreement of compromise is a promise to pay the debt of another—their insured—and, therefore, must be in writing to be enforceable.[4] This ignores the fact that Travelers did agree in its written policy with Gach to pay certain of Gach's obligations which might arise in the future up to the policy limits. Travelers' oral agreement with plaintiff was within the limits of its written agreement with Gach. Furthermore, Travelers was settling not only Gach's potential liability but its own possible obligation to pay and its own duty to defend Gach. *Cf. Wakefield* v. *Globe Indemnity* (1929), 246 Mich 645; *Kallas* v. *Lincoln Mutual Casualty Co.* (1944), 309 Mich 626. We hold that the statute of frauds has no application here.

### The Authority of the Agent to Make the Settlement Agreement.

Defendants argue that the adjuster had no authority to bind either Travelers or Gach to a settlement agreement. The difficulty with this argument as to Travelers is that plaintiff alleged that the adjuster was acting as an agent of Travelers. At this stage of the proceedings that allegation must be accepted as true.[5]

---

[4] Although the lower court did not mention this point in its opinion, appellant has briefed the point mindful that we would sustain the result below if it is correct for any reason. *McNair* v. *State Highway Department* (1943), 305 Mich 183, 188. [See CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922).—REPORTER.]

[5] Defendants' motion for summary judgment was clearly based upon GCR 1963, 117.2(1). The applicable language of the motion is "the pleadings * * * failed to disclose that plaintiff has any cause of action against defendants."

But as to Gach's estate, we have another problem. Plaintiff alleged merely that the adjuster was acting "on behalf of" Gach. This is not a sufficient allegation of agency or other authority to bind Gach.[6] *Cf.* Restatement of Agency 2d, § 20(b), § 225(c); *Kelly* v. *United States Steel Corporation* (WD Pa, 1959), 170 F Supp 649; *Appleby* v. *Kewanee Oil Company* (CA 10, 1960), 279 F2d 334. Accordingly, the judgment in favor of Gach was properly entered.[7]

### *The Compromise Agreement as an Enforceable Accord.*

The opinion below stated that a compromise agreement to settle a personal injury claim is a contract in the nature of an accord and satisfaction. The judge then held that although plaintiff alleged an accord, he did not allege a satisfaction and that there must be "payment of the settlement amount before the compromise ascends to the status of a contract," citing *Stadler* v. *Ciprian* (1933), 265 Mich 252; *Fricke* v. *Forbes* (1940), 294 Mich 375; and *Mundhenk* v. *Liverpool & London & Globe Insurance Company, Ltd.* (1945), 311 Mich 571. But these cases do not involve an action to seek satisfaction of an accord. They each involve parties setting up an unsatisfied accord as a defense to a lawsuit on the original but disputed obligation.[8]

An accord is as much a binding contract as any other agreement. If it is repudiated or otherwise

---

[6] There is no showing in the record of any attempt by the plaintiff to amend his pleadings properly to allege an agency nor is this point raised on appeal.

[7] Plaintiff's action is based upon the settlement agreement. His original cause of action against Gach or his estate is barred by the statute of limitations.

[8] Thus, if plaintiff had elected to sue Gach on the original cause of action, it is probable that under the authority of these cases, Travelers and Gach could not plead an accord *and satisfaction* since they breached the accord by failing to satisfy.

breached by the obligor, the injured party may sue on the original obligation or upon the accord at his election. 1 Am Jur 2d, Accord and Satisfaction, § 52; 2 Restatement of Contracts, § 417. See annotation, Remedies for breach of valid accord or compromise agreement involving disputed or unliquidated claim. 94 ALR2d 504.

### The Effect of Plaintiff's Recovery Against Vernors.

Throughout the trial of the Vernors case and the subsequent settlement negotiations with Vernors, plaintiff failed to disclose his agreement of settlement with Travelers. The court below held that plaintiff had a duty of disclosure and the breach of that duty estops plaintiff from enforcing the settlement agreement with Travelers.

It may well be that a duty of disclosure existed.[9] But if such a duty exists, it is a duty that plaintiff owes Vernors. Whatever remedy Vernors may have cannot inure to the benefit of Travelers. To the extent that we deny plaintiff his contract right against Travelers, to the same extent we deny Vernors its right to recover from plaintiff for fraudulent nondisclosure.[10] To that same extent Travelers is unjustly enriched at Vernors' expense.

Finally, Travelers argues that to allow plaintiff to recover here would do violence to the rule that there can be but one satisfaction for one injury.

---

[9] CLS 1961, § 600.2925(2) (Stat Ann 1962 Rev § 27A.2925[2]) dealing with settlements with joint tort-feasors, states that a plaintiff may settle with one and have the right to "demand and collect the *balance* of said claim." (Emphasis supplied.) The trial court thought that this meant "that a plaintiff who has settled with one or more of several joint tort-feasors has the affirmative burden of showing what the balance of his claim actually is." We do not now express an opinion whether such is the law or whether Gach and Vernors were joint tort-feasors. *Cf. Geib* v. *Slater* (1948), 320 Mich 316.

[10] This assumes Travelers' premise that plaintiff owed Vernors a duty of disclosure.

*Cf.* Restatement of Restitution, § 147(3). This argument assumes that plaintiff's full damages in dollars were determined in the Vernors' litigation. This is not so.

We must keep in mind that plaintiff's cause of action against Vernors was settled. True, there was a trial and a jury verdict. But the verdict never ripened into judgment. The parties, for reasons which are not here a matter of record, agreed to a settlement of $25,000 without costs. The agreement was implemented by entry of a consent judgment.

A consent judgment differs substantially from the usual litigated judgment. It is primarily the act of the parties rather than the considered judgment of the court. *Union* v. *Ewing* (1963) 372 Mich 181. *Cf. Tudryck* v. *Mutch* (1948), 320 Mich 99. It ordinarily cannot be set aside by the court without the consent of the parties. *In re Estate of Meredith* (1936), 275 Mich 278 (104 ALR 348). Here the judgment followed execution of a written agreement, the preamble of which read in part, "An amicable settlement having been reached in the amount of $25,000 without costs   *   *   *   ." Although the agreement was not precisely drafted,[11] it is clear that the parties settled. That the jury verdict may have loomed large in the minds of the parties during the negotiations for settlement doesn't alter the fact that the judgment was based upon a meeting of the minds of the litigants rather than the verdict of the jury.

In essence, then, we have a situation where a plaintiff has made two settlements with two separate parties who were arguably liable for plaintiff's single injury. We know of no rule that either settlement would be the measure of the single satisfaction

---

[11] For example, it authorized a judgment upon a settlement and also recited that the judgment should be "in full satisfaction of" the jury verdict. Plaintiff likewise agreed "to a remittitur of $10,000 and costs."

. to which plaintiff is limited. Travelers' agreement to settle was at a figure substantially lower than the Vernors' settlement, perhaps because of doubtful liability.[12] Vernors' settlement was less than the jury verdict, perhaps because of a possible challenge to the validity of the verdict. In nearly every settlement, the total extent of the plaintiff's damages is but one of the many factors considered.[13]

Even if we accept the $35,000 verdict of the Vernors' jury as the limit of the amount to which plaintiff was entitled, he has not received full satisfaction. Nor are we prepared to say that, as a matter of law, $25,000 is the limit of recovery for the loss of an eye.

The summary judgment in favor of Gach's estate is affirmed. The summary judgment in favor of Travelers Insurance Company is reversed and remanded to the Wayne county circuit court for trial. No costs, neither side having fully prevailed.

LESINSKI, C. J., and QUINN, J., concurred.

---

[12] A point raised by Travelers—that the answer to a special question by the Vernors' jury absolved Gach—is clearly without merit for at least 3 reasons: (1) Plaintiff's complaint having been based on a settlement agreement, Gach's original liability is immaterial; (2) Gach was not a party to the Vernors' litigation, Restatement, Judgments, § 93b; (3) A verdict decides nothing until it becomes the judgment of the court even as between the parties to the litigation. *Whitney* v. *Bayer* (1894), 101 Mich 151.

[13] The experienced lawyer handling negligence cases, in approaching a settlement conference, will take into consideration the forum of the action, the collectibility of the defendant, the appearance and demeanor of the potential witnesses and the skill of opposing counsel, to mention only a few of the pragmatic considerations which no one would suggest this Court should consider in determining what is full satisfaction for a particular injury.