SOBKA v. PRESTI.

JUDGMENT—CONSENT JUDGMENT—NEGLIGENCE ACTION.

Grant of summary judgment for defendant in negligence action for the reason that plaintiff had entered into and received satisfaction from a consent judgment in an action involving other parties, but involving the same injuries *held*, reversible error, since a consent judgment is essentially a settlement and it does not represent the full measure of satisfaction of a party's cause of action.

Appeal from Wayne; Burdick (Benjamin O.), J. Submitted Division 1 June 2, 1966, at Lansing. (Docket No. 1,527.) Decided November 9, 1966.

Complaint by John Sobka, Jr., a minor, by his next friend, John Sobka, Sr., against Frank Presti, a minor, for damages sustained when he was hit

REFERENCES FOR POINTS IN HEADNOTES
- 30A Am Jur, Judgments §§ 148, 154.

in the head with a basketball thrown by defendant. Summary judgment for defendant. Plaintiff appeals. Reversed.

*Leonard C. Jaques,* for plaintiff.

*Lacey & Jones (William Smith,* of counsel), for defendant.

J. H. GILLIS, P. J. The plaintiff, John Sobka, Jr., by his next friend, John Sobka, Sr., brought this action for damages sustained when he was hit on the head with a basketball thrown by the defendant, Frank Presti, a minor.

Defendant moved for summary judgment[1] on the grounds that plaintiff had entered into and received satisfaction from a consent judgment in an action involving other parties, but involving the same injuries. In the argument on the motion the following colloquy took place:

*"Mr. Jaques* [attorney for plaintiff]: This is a consent judgment tantamount to a release and not a judicially derived and determined judgment.

*"The Court:* This was a judgment. What's the difference between a consent judgment and a judicially determined judgment?

*"Mr. Jaques:* A consent judgment does not have the same dignity as a judgment rendered by the court.

*"The Court:* You mean if it is a consent judgment, it's not a judgment that he can use as a defense? I deny that theory."

The court granted the defendant's motion for summary judgment.

On this appeal the parties have devoted considerable time to a discussion on whether a motion for

---

[1] See GCR 1963, 117.—REPORTER.

summary judgment or accelerated judgment[2] was the proper vehicle to bring the defendant's claimed defense to the attention of the court. We needn't discuss this problem. The judgment below must be reversed for a more basic reason.

A consent judgment is essentially a settlement and it does not represent the full measure of satisfaction of a party's cause of action. See *Ortiz v. Travelers Insurance Company* (1966), 2 Mich App 548, 555.

Judgment reversed. Costs to appellant.

FITZGERALD and QUINN, JJ., concurred.

---

[2] See GCR 1963, 116.—REPORTER.