AMERICAN SEATING COMPANY,
Plaintiff,

v.

KAWAHARA DESIGN,
INC., Defendant.

Case No. 1:07–cv–694.

United States District Court,
W.D. Michigan,
Southern Division.

July 29, 2008.

Todd R. Dickinson, Fisher & Dickinson, Ada, MI, for Plaintiff.

Michael T. Small, Harvey Kruse PC, Grand Rapids, MI, for Defendant.

## Opinion and Order

**Granting the Plaintiff's Motion to Vacate the Settlement Agreement; Directing Plaintiff to Return Money Paid by Defendant under the Settlement Agreement; Requesting that the Magistrate Judge Schedule a Case Management Conference**

PAUL L. MALONEY, Chief Judge.

Plaintiff American Seating Company ("ASC") contracted to provide stadium seating and related hardware to defendant Kawahara Design, Inc. ("Kawahara"). *See* Complaint filed July 23, 2007 ("Comp") ¶ 1; Counterclaim ¶ 1. Between October 24, 2006 and February 2, 2007, ASC alleges, it provided the quantity and quality of goods contemplated by the contract, but Kawahara allegedly refused to pay the contract price. Comp. ¶¶ 1 & 5.[1] Kawahara's answer denies that ASC fully performed its duties under the contract and denies that it owes any money to ASC. Answer filed Oct. 5, 2007 ("Ans") ¶¶ 1 & 5. In its affirmative defenses, Kawahara alleges that ASC breached the contract by failing to manufacture the stadium seat components according to specifications, and by damaging component parts. Aff. Defs. ¶¶ 5–6.

Following a voluntary mediation session on March 19, 2008, the parties informed the court that they had reached a settlement agreement (which, by its terms, is to remain confidential), and this court ordered the parties to file closing documents by June 30, 2008.

On May 19, 2008, however, ASC moved to vacate the settlement agreement, contending that Kawahara had only partially performed its obligations and had failed to cure a material breach of the settlement agreement. *See* Brief in Support of Pl.'s Mot. to Set Aside Settlement and Reschedule Case for Trial filed May 19, 2008 at 1. In response, Kawahara filed a brief stating that it had partially performed the settlement agreement "but concedes that it has not fully performed the agreement." Kawahara's Brief in Opposition to Motion to Set Aside Settlement Agreement at 1. The court held oral argument on Monday, July 21, 2008, and Kawahara's counsel expressly conceded that Kawahara had materially breached the settlement agreement. Kawahara merely urged the court to enforce the settlement rather than vacating it. Kawahara also contended that under Michigan common law, ASC is not entitled to vacate the settlement and sue on its original breach-of-contract claim until and unless it returns the money that Kawahara paid as partial performance of the settlement.

For the reasons that follow, the court will grant ASC's motion to vacate the settlement agreement due to Kawahara's admitted material breach thereof. However, the *vacatur* of the settlement agreement will be conditioned upon ASC's refund of all funds which Kawahara paid to ASC in partial performance of the settlement agreement.

■ The Michigan Supreme Court explains that accord and satisfaction is

[a]n agreement to substitute for an existing debt some alternative form of discharging that debt, coupled with the actual discharge of the debt by the substituted performance. The new agreement is called the accord, and the discharge is called the satisfaction.

---

1. Diversity jurisdiction exists because ASC alleges, without contradiction from Kawahara, that ASC is a Delaware corporation with PPB in Michigan, Kawahara is a New York corporation with PPB in New York, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Comp. ¶¶ 2–4; Ans. ¶¶ 2–4.

*Hoerstman Gen. Contracting, Inc. v. Hahn*, 474 Mich. 66, 711 N.W.2d 340, n. 4 (2006) (quoting BLACK'S LAW DICTIONARY (7th ed.)).[2]

The Restatement Second of Contracts provides that

> [u]ntil performance of the accord, the original duty is suspended until there is such a breach of the accord by the obligor [Kawahara] as discharges the new duty of the obligee [ASC] to accept the performance in satisfaction. If there is such a breach, the obligee [ASC] may enforce either the original duty or any duty under the accord.

RESTATEMENT SECOND OF CONTRACTS § 281(2); *see also Ortiz v. Travelers Ins. Co.*, 2 Mich. App. 548, 140 N.W.2d 791, 793 n. 8 (1966) ("An accord is as much [a] binding contract as any other agreement. If it is repudiated or otherwise breached by the obligor, the injured party may sue on the original obligation or upon the accord at his election.") (citing, *inter alia*, RESTATEMENT FIRST OF CONTRACTS § 417).

■ Michigan's "general and well-settled rule [is] that an accord cannot be made a successful defense unless fully performed." *Burr's Damascus Tool Works v. Peninsular Tool Mfg. Co.*, 142 Mich. 417, 105 N.W. 858, 859 (1905); *see also Mundhenk v. Liverpool & London & Globe Ins. Co.*, 311 Mich. 571, 19 N.W.2d 103, 105 (1945) (citing *Stadler v. Ciprian*, 265 Mich. 252, 251 N.W. 404 (1933)); *Ortiz*, 140 N.W.2d at 793 n. 8 ("[I]f plaintiff had elected to sue Gach on the original cause of action, it is probable that under the authority of these cases, ... Gach could not plead an accord *and satisfaction* since they breached the accord by failing to satisfy.") (emphasis in original); 1 Mich.

Civ. Jur. Accord & Satisfaction § 1 (citing *Henderson v. McRae*, 148 Mich. 324, 111 N.W. 1057 (1907) and *Indus. Steel Stamping, Inc. v. Erie State Bank*, 167 Mich. App. 687, 423 N.W.2d 317 (1988)).

Kawahara has not denied that the parties intended execution and performance of the settlement agreement to function as an accord and satisfaction. *Contrast Puett v. Walker*, 50 N.W.2d 740 (1952) (alleged final accounting mailed by debtor to creditor, accompanied by check for amount shown to be due by such final accounting, which check was endorsed by creditor and cashed, did not constitute accord and satisfaction because debtor did no more than what he admitted he was legally bound to do by the parties' contract). Moreover, Kawahara has not identified any contrary Michigan common-law authority that might suggest that ASC does not have the right to elect to set aside the settlement agreement and proceed on its original claim under these circumstances. Nor has Kawahara argued that ASC has somehow waived or forfeited that right. *See generally Walters v. Nadell*, 481 Mich. 377, 751 N.W.2d 431, 435 (2008) ("'Waiver' is the intentional and voluntary relinquishment of a known right, while 'forfeiture' is 'the failure to assert a right in a timely fashion.'") (quoting *Roberts v. Mecosta Cty. Gen. Hosp.*, 466 Mich. 57, 642 N.W.2d 663 (2002)). Accordingly, the court holds that ASC has the right to set aside the settlement agreement, and the court finds that ASC has effectively exercised that right.

■ It is also well-settled in Michigan that when the non-breaching party to an attempted accord exercises its right to set aside the accord and sue instead on the

---

2. The Michigan Legislature has enacted legislation that completely supplants and supersedes the common law of accord and satisfaction with regard to certain negotia-

ble instruments. *See Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 738 N.W.2d 664, 687–88 (2007) (Weaver, J., dissenting o.g.). This legislation does not apply here.

original claim at law, it must refund any consideration that it has received from the other party. As the Michigan Supreme Court has explained, "tender of consideration received is a condition precedent to the right to repudiate a contract of settlement." *Stefanac v. Cranbrook Educ. Cmty.*, 435 Mich. 155, 458 N.W.2d 56, 60 (1990) (citing generally *Leahan v. Stroh Brewery Co.*, 420 Mich. 108, 359 N.W.2d 524 (1984) and *Randall v. Port Huron, St. C, & M.C. R. Co.*, 215 Mich. 413, 184 N.W. 435 (1921) and *Kirl v. Zinner*, 274 Mich. 331, 264 N.W. 391 (1936)). *See also Puett v. Walker*, 332 Mich. 117, 50 N.W.2d 740 (1952);[3] *Leeson v. Anderson*, 99 Mich. 247, 58 N.W. 72 (1894). Accordingly, ASC's counsel's offer, at oral argument, to deposit the Kawahara settlement payment into an escrow account or the registry of the court, is inadequate to permit the exercise of ASC's right to set aside the settlement and sue on its original breach-of-contract claim.

## ORDER

The plaintiff's motion to set aside the settlement agreement [Doc # 31] is **GRANTED.**

The settlement agreement is **VACATED.**

No later than Friday, August 15, 2008, the plaintiff **SHALL RETURN THE FUNDS** which the defendant paid to the plaintiff in partial performance of the settlement agreement.

The Magistrate Judge **shall** schedule a Case Management Conference at his/her convenience.

**3.** ASC also cites *Humphreys v. Third Nat'l Bank*, 75 F. 852, 858 (6th Cir.1896), where our Circuit held that following Humphreys' failure to complete the satisfaction of an accord, a bank was not obligated to release a deed of trust which Humphreys had given in partial satisfaction of an accord, before proceeding to recover on the original contract (the original note): "The supreme court of Illinois treated the question, as we do, as one of accord and satisfaction. It is well settled that an agreement by a creditor to receive something different from that which is owing in full settlement of his claim does not make a good plea in bar unless the agreement has been fully performed." *Id.* at 859 (citing New York, British, and federal decisions). *Humphreys*, however, was not applying Michigan law and did not cite a Michigan decision.